# KOBRE & KIM

800 Third Avenue
New York, New York 10022
www.kobrekim.com
Tel +1 212 488 1200

March 30, 2020

**VIA ECF**

Honorable Ona T. Wang
United States Magistrate Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

> Re: *Kobre & Kim v. Commodity Futures Trading Commission*,
> 19 Civ. 10151 (LAK) (OTW)

Dear Judge Wang:

We submit this letter to request a pre-motion conference pursuant to the Court's January 16, 2020 Order (Dkt. No. 18) and Your Honor's Individual Rule of Practice 2.A and Local Civil Rule 37.2. For the reasons summarized below, we intend to file a motion to compel responsive documents and communications from Defendant Commodity Futures Trading Commission ("CFTC") for the limited additional period of August 20-21, 2019.

The dispute relates to Plaintiff's requests for documents under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 (hereafter, the "FOIA Requests"). As discussed in a letter to this Court dated January 15, 2020 (Dkt. No. 17) (hereafter, the "January 15 Letter"), while the parties have largely agreed to the parameters for the CFTC's ongoing document review, we have been unable to agree on the proper end date for that review. Specifically, the CFTC is seeking to end the review period on August 19, 2019, while Plaintiff is seeking to end the review period two days later, on August 21, 2019. These two additional days are critical because they are likely to contain illuminating <u>post-decisional</u> communications that would not be protected by the deliberative process privilege. The parties have met and conferred on this issue and have been unable to come to an agreement. Plaintiff requests a pre-motion conference in advance of Plaintiff moving to compel the CFTC to extend its review period by two days to August 21, 2019.

## *Background*

As detailed in the Complaint, on August 14, 2019, the CFTC and Kraft entered into an unprecedented "gag" settlement agreement (hereafter, the "Consent Order") in a case brought by

**AMERICAS** (NEW YORK, BUENOS AIRES, CHICAGO, DELAWARE, MIAMI, SAN FRANCISCO, SÃO PAULO, WASHINGTON DC)
**ASIA-PACIFIC** (HONG KONG, SEOUL, SHANGHAI), **EMEA** (LONDON, TEL AVIV), **OFFSHORE** (BVI, CAYMAN ISLANDS)

KOBRE & KIM REFERS TO KOBRE & KIM LLP, A NEW YORK LIMITED LIABILITY PARTNERSHIP.

Honorable Ona T. Wang
March 30, 2020
Page 2

the CFTC involving the application of a new anti-manipulation provision enacted under Dodd Frank. The Consent Order had no public findings of fact, conclusions of law, or other meaningful guidance regarding the application of the CFTC's new legal authority, and also included an unprecedented agreement by the CFTC not to make any public statements about the case in the future, ensuring that the rationale for the settlement would remain insulated from public oversight.

On August 15, 2019, despite the gag agreement, two CFTC Commissioners issued press releases regarding the Consent Order, including a joint statement by CFTC Commissioners Dan M. Berkovitz and Rostin Behnam criticizing the Consent Order's "unusual features." On August 19, 2019, after Kraft alleged that the press releases violated the gag order provision of the Consent Order and initiated contempt proceedings against the CFTC, the presiding court ordered the CFTC to remove the press releases from its website.

Plaintiff sent its FOIA Request to the CFTC on August 21, 2019 seeking information of substantial public interest and importance, including why the Consent Order was approved without findings of fact, why the CFTC chose to gag itself from providing the public with guidance on how the regulator interprets the law, and why the two Commissioners issued press releases despite the gag provision. The parties have largely agreed to the parameters of the CFTC's review, but there remains a dispute over the proper end date for that review.

### ***The Additional Two Days Would Provide Plaintiff with Post-Deliberative Discussions, and the CFTC Has Not Demonstrated Any Burden in Adding the Two Days to the Review Period.***

Plaintiff seeks documents from August 20 and 21 because these additional two days would cover *post*-deliberative discussions by the CFTC about the Kraft settlement and press releases in the days after the court ordered the press releases removed from the CFTC's website. During the parties' meet and confer discussions, the CFTC took the position that most of the responsive documents and discussions prior to August 19 would be protected by the deliberative process privilege (along with other FOIA exemptions). The CFTC has continued to assert this position in its document production to date, redacting virtually all responsive material—to the point that virtually no substantive communications have remained in the documents.[1]

Documents and communications during the two-day period from August 20-21 are thus critical to Plaintiff's FOIA Request because they took place after the court's August 19 order to remove the press releases from the internet, and are therefore "post-decisional" by definition. To qualify for the deliberative process privilege, a document must be both "predecisional" and "deliberative." *See Renegotiation Bd. v. Grumman Aircraft Eng'g Corp.*, 421 U.S. 168, 184 (1975); *Hopkins v. U.S. Dep't of Housing & Urban Dev.*, 929 F.2d 81, 84 (2d Cir. 1991). A document is pre-decisional when it is "prepared in order to assist an agency decisionmaker in arriving at his decision." *Hopkins*, 929 F.2d at 84 (quoting *Renegotiation Bd.*, 421 U.S. at 184). Documents that discuss "already formulated policies – even if in draft format, and even if containing 'deliberative' discussions of how to portray those policies to the public – *are not*

---

[1] Plaintiff reserves all rights to challenge these redactions upon completion of the CFTC's production.

protected by the deliberative process privilege.'" *Nat'l Day Laborer Org. Network v. U.S. Immigration & Customs Enf't Agency*, 811 F. Supp. 2d 713, 743 (S.D.N.Y. 2011) (finding that post-decisional documents must be released unless covered by another exemption) (emphasis added). Here, documents and communications prepared *after* the August 19 order were clearly post-decisional, as the two areas for deliberation and decision—the decisions to resolve litigation with Kraft and post the press releases—had concluded.

In addition, the CFTC has not suggested, much less demonstrated, that reviewing documents from this two-day window would add any material burden to its review. The CFTC is "obliged to pursue any clear and certain lead [that] it cannot in good faith ignore." *American Immigration Council v. Executive Office for Immigration Review*, 418 F. Supp. 3d 10, 15 (S.D.N.Y. 2019) (quoting *Halpern v. FBI*, 181 F.3d 279, 288 (2d Cir. 1999)). The CFTC has refused to provide Plaintiff with the number of documents that these two days would add to its review, such that Plaintiff could evaluate any potential argument that reviewing documents for just these two additional days would be "unreasonably burdensome." *See Ruotolo v. Dep't of Justice, Tax Div.*, 53 F.3d 4, 9 (2d Cir. 1995). Instead the CFTC has stated in conclusory fashion—without providing any numbers for support—that expanding the date range by two days to August 21 would *likely* yield a high volume of non-responsive or privileged documents. The CFTC has thus not demonstrated an unreasonable burden in adding these two additional days to the review period.

We thank the Court for its consideration of this letter. We are available for a pre-motion conference at the Court's convenience.

Sincerely,

/s/
Michael S. Kim
Benjamin J.A. Sauter