

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

April 2, 2020

Honorable Ona T. Wang
United States Magistrate Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY  10007

  Re: *Kobre & Kim v. Commodity Futures Trading Commission*,
     19 Civ. 10151 (LAK) (OTW)

Dear Judge Wang:

  This Office represents the Commodity Futures Trading Commission ("CFTC"), the defendant in this case.  I write in response to Plaintiff's letter dated March 30, 2020, requesting a pre-motion conference regarding an anticipated motion to compel the CFTC to "extend [the] review period [for its search] by two days to August 21, 2019" (Dkt. No. 19).  For the reasons discussed below, Plaintiff's anticipated motion prematurely seeks a decision regarding the adequacy of the CFTC's search, which would appropriately be challenged only after the CFTC has completed its search, in a motion for summary judgment.  At any rate, the scope of the CFTC's search is reasonable, so Plaintiff's argument would fail even if raised at the appropriate time.

  **A. Plaintiff's Anticipated Motion Prematurely Seeks a Decision Regarding the Adequacy of the CFTC's Search**

  Where, as here, the plaintiff brings an action pursuant to the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), the questions, if any, to be decided by the Court will be (i) the adequacy of the CFTC's search; and (ii) whether the CFTC's withholdings pursuant to FOIA's exemptions are justified.  *See Carney v. U.S. Dep't of Justice*, 19 F.3d 807, 812 (2d Cir. 1994).  Both issues are typically resolved on motions for summary judgment.  *Id.*  At that point, the agency "has the burden of showing that its search was adequate and that any withheld documents fall within an exemption to the FOIA."  *Id.*  However, "[a]ffidavits or declarations supplying facts indicating that the agency has conducted a thorough search and giving reasonably detailed explanations why any withheld documents fall within an exemption are sufficient to sustain the agency's burden."  *Id.*  Because "[a]ffidavits submitted by an agency are accorded a presumption of good faith," as long as the agency's submissions are "adequate on their face" discovery is generally unnecessary and "the district court may forgo discovery and award summary judgment on the basis of affidavits."  *Id.* (internal quotation marks omitted).  The plaintiff is only entitled to discovery if it can show "bad faith on the part of the agency sufficient to impugn the agency's affidavits or declarations, or provide some tangible evidence that an exemption claimed by the agency should not apply or summary judgment is otherwise inappropriate."  *Id.* (internal citation omitted); *see also Immigrant Defense Project v. U.S. Immigration*, 208 F. Supp. 3d 520, 527 (S.D.N.Y. 2016) ("FOIA does not give requesters the right to Monday-morning-quarterback the agency's search.").

Plaintiff's anticipated motion to compel does not, as Plaintiff suggests (*see* Dkt. No. 17), pertain to a discovery dispute—instead, Plaintiff prematurely seeks to challenge the adequacy of the CFTC's search. The appropriate time to make such a challenge is once the CFTC has completed its planned productions, at which point the CFTC will (if Plaintiff chooses to make such a challenge), provide affidavits or declarations supporting the adequacy of its search. Plaintiff does not provide any support for the proposition that the Court should issue a decision regarding the adequacy of one component of the CFTC's search now, much less that it should do so on the basis of a motion to compel, without the benefit of a full record including the affidavits or declarations the CFTC will submit if summary judgment briefing is warranted. Such an approach would inevitably lead to piecemeal litigation regarding the adequacy of the CFTC's search, moreover, because Plaintiff reserves the right to challenge any component of the CFTC's search or withholdings after productions have been completed (Dkt. No. 17). *See generally Ramaci v. Federal Bureau of Investigation*, Case No. 17 Civ. 10084 (RA) (Dkt. No. 18) (May 7, 2018 Order) (denying plaintiff's request to set a summary judgment briefing schedule to address objection to withholdings, where FBI had not yet completed productions, reasoning that the court would be "better positioned to assess the parties' arguments" when it had a "more complete record" and plaintiff's proposal would result in multiple rounds of briefing). On the other hand, Plaintiff would suffer no prejudice from waiting until after the CFTC's productions are complete to move for summary judgment on any components of the CFTC's search and withholdings that it intends to challenge.

### B. Plaintiff's Challenge Would Fail Even on the Merits

For the reasons discussed above, it would be inappropriate for the Court to issue a ruling at this stage regarding the appropriate time period for the CFTC's search. At any rate, moreover, the CFTC's approach is reasonably calculated to identify documents responsive to Plaintiff's request. *See generally Immigrant Defense Project*, 208 F. Supp. 3d at 527 (the Government's "search need not be 'perfect' in Plaintiffs' estimation (or even the Court's), so long as the agency has provided logical explanations for each of the decisions it made as to search terms to be used and how to conduct the searches, evincing a good faith effort to design a comprehensive search" (internal quotation marks omitted)).

As Plaintiff concedes, all of the events about which Plaintiff's FOIA request seeks documents occurred on or before August 19, 2019. (Dkt. No. 19 at 2.) Plaintiff nonetheless argues that the CFTC should search documents after that date, because they might include "post-deliberative discussions" relevant to Plaintiff's request. (*Id.*) The single event that occurred on August 19, 2019, however, was the CFTC's removal of a press release from its website. While a portion of Plaintiff's request seeks documents about the CFTC's decision to remove the press release (*see* Request Subpart 8), as the CFTC has explained to Plaintiff, and as is apparent from the publicly-available docket for the *Kraft* case, the CFTC agreed to remove the press release on the spot at a hearing on August 19, 2019, because the court asked it to. *U.S. Commodity Futures Trading Comm'n v. Kraft Foods Grp., Inc.*, Case No. 15-cv-2881 (N.D. Ill.), Dkt. No. 319 (August 19, 2019, minute entry, stating that the CFTC agreed to remove the press release from its website). Given the nature of this "decision," one would not reasonably anticipate "post-deliberative discussions." But, even if there were post-deliberative discussions about any part of Plaintiff's FOIA request, they would also be pre-deliberative with respect to the CFTC's active defense of a

contempt charge and its active prosecution of an enforcement proceeding. Therefore, any suggestion by Plaintiff that documents that post-date August 19, 2019, would not be subject to FOIA exemptions misses the mark, because such documents deal with active litigation and are thus very likely to be subject to one or more exemptions. *See, e.g.*, *N.Y. Times Co. v. U.S. Dep't of Justice*, 390 F. Supp. 3d 499, 513 (S.D.N.Y. 2019) (materials prepared in connection with a civil or criminal enforcement action are exempt from FOIA pursuant to the law enforcement privilege as long as "(1) a law enforcement proceeding is pending or prospective and (2) release of the information could reasonably be expected to cause some articulable harm" (internal quotation marks omitted).)

For the forgoing reasons, Plaintiff's argument for an expanded timeframe for the CFTC's search is both premature and not properly made in a motion to compel, and at any rate fails on the merits.

We thank the Court for its consideration of this matter.

                Respectfully submitted,

                GEOFFREY S. BERMAN
                United States Attorney
                for the Southern District of New York

By: /s/ Rachael L. Doud
     RACHAEL L. DOUD
     Assistant United States Attorney
     86 Chambers Street, 3rd Floor
     New York, New York 10007
     Telephone: (212) 637-3274
     E-mail: rachael.doud@usdoj.gov

*Counsel for Defendant*