# EXHIBIT A

| | |
|---|---|
| **From:** | Leanne Bortner |
| **To:** | Doud, Rachael (USANYS) |
| **Cc:** | Benjamin J. A. Sauter |
| **Subject:** | RE: Kobre & Kim v. CFTC, 19-cv-10151 |
| **Date:** | Wednesday, January 15, 2020 5:30:39 PM |
| **Attachments:** | (K&K Revisions) Kobre Kim v. CFTC Draft Letter to the Court.v2.docx |

Rachael-

We disagree with you on these issues, but after so much time has passed, we do not want to hold up the review any further. ==We will agree to proceed with the review, reserving rights to be raised in a potential request for discovery on all issues, except for the issue regarding the end date of the review. We would like the Court to weigh in on and have noted same in the attached letter.== As you have already run the search terms, we see no reason why this one open issue, to add 2 days to the review period, should hold up the review.

If you agree with these edits, you may file this letter as is.

Best.

Leanne

Leanne Bortner
+1 202 664 1935

**KOBRE & KIM**

**www.kobrekim.com**

**Americas** (New York, Buenos Aires, Chicago, Miami, San Francisco, São Paulo, Washington DC)
**Asia-Pacific** (Hong Kong, Seoul, Shanghai), **EMEA** (London, Tel Aviv), **Offshore** (BVI, Cayman Islands)

**From:** Doud, Rachael (USANYS) [mailto:Rachael.Doud@usdoj.gov]
**Sent:** Wednesday, January 15, 2020 1:31 PM
**To:** Leanne Bortner
**Cc:** Benjamin J. A. Sauter
**Subject:** [EXTERNAL] RE: Kobre & Kim v. CFTC, 19-cv-10151

Leanne,

Your request is for documents relating to the "binding agreement" referenced at Docket Number 302 of the Kraft case. That agreement did not exist until March 22, 2019. In light of that, we think going back to February 26, 2019, is more than sufficient.

Rachael

**From:** Leanne.Bortner@kobrekim.com <Leanne.Bortner@kobrekim.com>
**Sent:** Wednesday, January 15, 2020 1:25 PM
**To:** Doud, Rachael (USANYS) <RDoud@usa.doj.gov>
**Cc:** Benjamin.Sauter@kobrekim.com
**Subject:** RE: Kobre & Kim v. CFTC, 19-cv-10151

Rachael-

We will take a look, but I don't think you addressed the first issue regarding searching prior to the February 12, 201**9** (realized the typo below) status conference given that settlement discussions clearly took place before that date per the transcript. What is the government's position on that

issue?

Leanne Bortner

+1 202 664 1935

**KOBRE & KIM**

[www.kobrekim.com](www.kobrekim.com)

**Americas** (New York, Buenos Aires, Chicago, Miami, San Francisco, São Paulo, Washington DC)
**Asia-Pacific** (Hong Kong, Seoul, Shanghai), **EMEA** (London, Tel Aviv), **Offshore** (BVI, Cayman Islands)

This e-mail message is from Kobre & Kim LLP, a limited liability partnership established under the laws of New York, referred to above as Kobre & Kim, and may contain legally privileged and/or confidential information. If the reader of this message is not the intended recipient(s), or the employee or agent responsible for delivering the message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please notify the sender immediately and delete this e-mail message and any attachments from your computer without retaining a copy.

**From:** Doud, Rachael (USANYS) [mailto:Rachael.Doud@usdoj.gov]
**Sent:** Wednesday, January 15, 2020 1:19 PM
**To:** Leanne Bortner <Leanne.Bortner@kobrekim.com>
**Cc:** Benjamin J. A. Sauter <Benjamin.Sauter@kobrekim.com>
**Subject:** [EXTERNAL] RE: Kobre & Kim v. CFTC, 19-cv-10151

Leanne,

The CFTC is not prepared to expand its search further or commit to producing responsive documents more quickly. I've explained our position on most of the below issues already, but to address the third bullet, adding the term "press release" to the Commissioners' search would add almost 8,000 documents, which we do not think is justified. You can, of course, reserve your right to challenge the adequacy of the search when the time comes.

Regarding the production deadline, this is already an exceptionally fast production schedule given the number of documents and it is not feasible to do it faster. We also cannot agree to provide privilege logs on a rolling basis; the most we can do is provide basic information exported from Relativity reflecting the number of documents withheld and their dates, to give you a general sense of where things stand.

I've edited the letter accordingly—let me know if I can file.

Thanks,
Rachael

**From:** Leanne.Bortner@kobrekim.com <Leanne.Bortner@kobrekim.com>
**Sent:** Tuesday, January 14, 2020 9:12 PM
**To:** Doud, Rachael (USANYS) <RDoud@usa.doj.gov>
**Cc:** Benjamin.Sauter@kobrekim.com
**Subject:** RE: Kobre & Kim v. CFTC, 19-cv-10151

Rachael-

Thanks for your response. I think we are getting close to agreement on most issues. This is where we stand on the remaining open items:

- On the start date for Group A, we took a look at the February 12, 2012 status conference transcript, attached, where the settlement conference was first discussed. In that transcript, Panos (for Kraft), notes that the CFTC and Kraft had had "productive discussions among the lawyers" *prior to* the February 12, 2019 conference. Unless the CFTC can identify when exactly those conversations took place, then we think our January 1, 2012 start date is reasonable (and certainly February 26, is too late).
- ==On the August 21 vs. 19 end date, without any metrics suggesting a high rate of return, we cannot just accept that these 2 days would greatly add to the review numbers. In addition, any post-deliberative discussions in the days after the court's order to pull the press release is critical to our Request. We have been able to compromise with you on almost all issues, but we cannot do so here and we ask that you consider adding just these 2 days to the review.==
- Thank you for providing the search term hit list. On the 3 additional search terms, reserving our rights to raise in a request for discovery, we will agree, for now, to hold on the searches for "DRW" "settlement" and "press release" for groups A and C; however we would ask that you search the term "press release" for only the Group B custodians (the Commissioners). "Press release" is obviously a key term for this Complaint and FOIA request, especially as it relates to the Commissioners, and we think narrowing to this group for now, is a reasonable compromise.
- Finally, the 7 month return date for 40,000 documents (without de-duplication or removal of newsfeeds) seems very long to us and especially since this relates to a FOIA request sent in August. We ask that the review be completed by May 31, and have reflected that edit in the attached.

We have made a few additional edits to the attached letter to the court; if you agree with them, you may send on our behalf.
Best-

Leanne Bortner
+1 202 664 1935

**KOBRE & KIM**

[www.kobrekim.com](www.kobrekim.com)

**Americas** (New York, Buenos Aires, Chicago, Miami, San Francisco, São Paulo, Washington DC)
**Asia-Pacific** (Hong Kong, Seoul, Shanghai), **EMEA** (London, Tel Aviv), **Offshore** (BVI, Cayman Islands)

This e-mail message is from Kobre & Kim LLP, a limited liability partnership established under the laws of New York, referred to above as Kobre & Kim, and may contain legally privileged and/or confidential information. If the reader of this message is not the intended recipient(s), or the employee or agent responsible for delivering the message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please notify the sender immediately and

delete this e-mail message and any attachments from your computer without retaining a copy.

**From:** Doud, Rachael (USANYS) [mailto:Rachael.Doud@usdoj.gov]
**Sent:** Tuesday, January 14, 2020 12:03 AM
**To:** Leanne Bortner <Leanne.Bortner@kobrekim.com>
**Cc:** Benjamin J. A. Sauter <Benjamin.Sauter@kobrekim.com>
**Subject:** [EXTERNAL] RE: Kobre & Kim v. CFTC, 19-cv-10151

Leanne,

The CFTC is prepared to do the following:

- It will run the "Group A" search, which applies to the Division of Enforcement custodians, for the period from February 26, 2019, through August 19, 2019, with the additional search terms you proposed, with the exception of "DRW", "settlement", and "press release." Additionally, the CFTC will omit the documents with unique hits (as reflected in the attached) for the terms other than "Kraft"; "Blakey"; "Jenner"; "Kaufman"; "Mayerbrown"; "McCall"; "Mondelez"; "Panos"; and "Sutherland".

    o February 26, 2019, was the date the court set the settlement conference for March 22, 2019. Given the framing of the first portion of your request (documents pertaining to the "binding agreement" referenced in docket entry 302 of the *Kraft* case), we do not see any reasonable basis for going back further.

    o As we've explained, the CFTC removed the press releases from its website on August 19, 2019, at the Court's request. Given the nature of that decision—i.e., an on the spot decision in response to a request from the court—it does not seem likely that extending the time period would yield additional responsive documents. Further, while extending to August 21, 2019, the date of your request, may not seem like a big difference, because on August 19 the court scheduled an evidentiary hearing on defendant's motion for contempt, we expect that expanding the date range to August 21 would yield a high volume of non-responsive, privileged documents.

    o "Press release" and "settlement" are common terms, not specific to the *Kraft* matter, that yielded a very high number of hits. Because these terms are so general, and responsive documents would generally be expected to also contain more specific terms like "Kraft," the CFTC does not think the additional burden is justified. Similarly, because the terms other than "Kraft" and the various names are also general terms not specific to the Kraft matter, we do not think documents where only one such term appears are likely to be responsive.

- It will run the "Group B" search, which applies to the Commissioners and their staff, for the period from March 21, 2019, through August 19, 2019, with the same search terms as above.

- It will run the "Group C" search, which applies to the OGC and Office of Public Affairs custodians, for the period from June 27, 2019, through August 19, 2019, with the same search terms as above.

The attached hit reports show the hits for the Group A and C searches for the date ranges above (note that these currently include the terms other than DRW that we are omitting per the above). I don't have the hits per term for the Group B search but the approximate number of hits for each Commissioner's office (omitting "settlement" and "press release") are as follows:

> Tarbert = Hits with family 7,245
> Behnam = Hits with family 2,970
> Berkovitz= Hits with family 3,347
> Stump = Hits with family 3,861
> Quintenz = Hits with family 3,171

The various searches have not yet been de-duplicated against each other, but we're looking at about 40,000 documents. This will vary somewhat because (i) there are two custodians whose emails are still being collected who thus are not included in the counts; and (ii) the Commissioners' offices may be able to reduce the totals somewhat by measures like eliminating newsfeeds, similar to what I outlined in my December 10 email (the counts for the other two searches already take account of such measures). The CFTC expects to be able to complete production of responsive, non-exempt documents within approximately six months, by the end of July 2020, and to make rolling productions on a monthly basis.

A draft letter to the Court is attached.

Best,

Rachael

---

**From:** Leanne.Bortner@kobrekim.com <Leanne.Bortner@kobrekim.com>
**Sent:** Friday, January 10, 2020 4:47 PM
**To:** Doud, Rachael (USANYS) <RDoud@usa.doj.gov>
**Cc:** Benjamin.Sauter@kobrekim.com
**Subject:** RE: Kobre & Kim v. CFTC, 19-cv-10151

Rachael-

We understand that mistakes can be made, but we do think we need to update the court by the 15th as to the status of your review and expected production in advance of the status conference on the 20th. If the government needs to seek more time from the Court, please let us know your proposal and we will consider our response.

In terms of the rolling production, given the delays, we would hope the government can find a way to make that work.

Best-

Leanne Bortner
+1 202 664 1935

**KOBRE & KIM**

www.kobrekim.com

**Americas** (New York, Buenos Aires, Chicago, Miami, San Francisco, São Paulo, Washington DC)
**Asia-Pacific** (Hong Kong, Seoul, Shanghai), **EMEA** (London, Tel Aviv), **Offshore** (BVI, Cayman Islands)

This e-mail message is from Kobre & Kim LLP, a limited liability partnership established under the laws of New York, referred to above as Kobre & Kim, and may contain legally privileged and/or confidential information. If the reader of this message is not the intended recipient(s), or the employee or agent responsible for delivering the message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please notify the sender immediately and delete this e-mail message and any attachments from your computer without retaining a copy.

**From:** Doud, Rachael (USANYS) [mailto:Rachael.Doud@usdoj.gov]
**Sent:** Friday, January 10, 2020 3:38 PM
**To:** Leanne Bortner <Leanne.Bortner@kobrekim.com>
**Cc:** Benjamin J. A. Sauter <Benjamin.Sauter@kobrekim.com>
**Subject:** [EXTERNAL] RE: Kobre & Kim v. CFTC, 19-cv-10151

Hi Leanne,
There was apparently some confusion regarding the date ranges you were proposing for different groups of custodians, so we are going to have to rerun some of the searches to get accurate counts. We are also still waiting for an answer on whether it will be feasible to make rolling productions. I am hoping to have this information by Tuesday, but we may need to ask for a bit more time from the Court.
Sorry for the delay,
Rachael

**From:** Doud, Rachael (USANYS)
**Sent:** Thursday, January 09, 2020 11:17 AM
**To:** Leanne.Bortner@kobrekim.com
**Cc:** Benjamin.Sauter@kobrekim.com
**Subject:** RE: Kobre & Kim v. CFTC, 19-cv-10151

Hi Leanne,
We're working on a proposal and should be able to get back to you tomorrow.
Thanks,
Rachael

**From:** Leanne.Bortner@kobrekim.com <Leanne.Bortner@kobrekim.com>
**Sent:** Wednesday, January 08, 2020 7:13 PM
**To:** Doud, Rachael (USANYS) <RDoud@usa.doj.gov>
**Cc:** Benjamin.Sauter@kobrekim.com
**Subject:** RE: Kobre & Kim v. CFTC, 19-cv-10151

Hi Rachael-
Following up on the below- can you please let us know when you expect to get back to us as we expect that the Judge want a status report in advance of/in lieu of the conference, by the 15th.
Best-

Leanne Bortner
+1 202 664 1935



[www.kobrekim.com](www.kobrekim.com)

**Americas** (New York, Buenos Aires, Chicago, Miami, San Francisco, São Paulo, Washington DC)
**Asia-Pacific** (Hong Kong, Seoul, Shanghai), **EMEA** (London, Tel Aviv), **Offshore** (BVI, Cayman Islands)

This e-mail message is from Kobre & Kim LLP, a limited liability partnership established under the laws of New York, referred to above as Kobre & Kim, and may contain legally privileged and/or confidential information. If the reader of this message is not the intended recipient(s), or the employee or agent responsible for delivering the message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please notify the sender immediately and delete this e-mail message and any attachments from your computer without retaining a copy.

**From:** Leanne Bortner
**Sent:** Monday, January 06, 2020 10:21 AM
**To:** 'Doud, Rachael (USANYS)' <Rachael.Doud@usdoj.gov>
**Cc:** Benjamin J. A. Sauter <Benjamin.Sauter@kobrekim.com>
**Subject:** RE: Kobre & Kim v. CFTC, 19-cv-10151

Rachel-
Happy New year. We are following up on the CFTC's timing in running the search terms and estimated timing of the review. I believe the only open item was the additional search terms, and per the below we were going to confer on those once we had the numbers. What is your timing on getting us those numbers?
Our expectation is that the review will take place with the agreed upon search terms with a rolling production schedule. Are we misunderstanding? In terms of the "DRW" search, if you are correct that this pertains to another matter that has nothing to do with Kraft, then the search should have very limited hits. But we do not want to hold up the search and will reserve on that issue as well, to be potentially raised in a request for Discovery (along with any other open issues so far and in the future).
Per our calculation, the CMP would be due on January 15, as such it would seem that we would need to submit the letter to the court regarding the January 22nd status conference, the progress of the review and any open items – namely whether you will agree to conduct the search of the 5 additional terms—by January 15th (given the holiday on the 20th). Does that sound right to you? If so please send us a draft by the 12th at the latest so we have time to review.
Best-
Leanne

**From:** Doud, Rachael (USANYS) [mailto:Rachael.Doud@usdoj.gov]
**Sent:** Friday, December 27, 2019 4:06 PM
**To:** Leanne Bortner <Leanne.Bortner@kobrekim.com>
**Cc:** Benjamin J. A. Sauter <Benjamin.Sauter@kobrekim.com>
**Subject:** [EXTERNAL] RE: Kobre & Kim v. CFTC, 19-cv-10151

Leanne,
A few points in response to the below. With regard to your first point, for the time being the CFTC is

willing to test the January 1, 2019 through August 21, 2019 date range. Even if there were settlement discussions preceding the March 22, 2019 conference, however, we believe such discussions would be subject to Exemption 7. Additionally, as I mentioned on our call, I don't interpret the first part of your request as encompassing all settlement discussions. The CFTC is not at this point prepared to agree to expand the date range past March 22, but we can discuss this issue again once we get the counts.

With regard to your second point, you indicated on our call that you will accept for the time being our representation that these individuals would not be expected to have responsive documents, but if they turn out to on responsive communications that are identified you would want them to be included. If one or more of these individuals turns up on responsive communications we can revisit the issue, but we are not necessarily agreeing to add them as custodians. We can discuss further if the need arises.

With regard to your fourth point, the CFTC is not willing to run "DRW" as a search term, given that that term pertains to a separate case that is not the subject of your request. The CFTC has agreed to run the other additional terms for testing purposes. I did not agree that, as you state below, the search of the other agreed upon terms will continue as we confer on this issue, and depending on the timing I'm not sure that would make sense. Hopefully we can come to an agreement soon enough that that is not necessary.

With regard to the items at the end of your email, I would not be in a position to propose timeframes or incorporate such a schedule into a draft submission to the court until we've agreed on the parameters for the search, or concluded that we cannot come to an agreement.

Finally, while you are of course welcome to include your position regarding discovery in the letter to the court, as I noted on our call FOIA cases rarely involve any discovery. In fact, in order to justify any discovery the plaintiff "must make a showing of bad faith on the part of the agency sufficient to impugn the agency's affidavits or declarations [showing the sufficiency of its search and justifying its withholdings], or provide some tangible evidence that an exemption claimed by the agency should not apply or summary judgment is otherwise inappropriate." *Carney v. U.S. Dep't of Justice*, 19 F.3d 807, 812 (2d Cir. 1994).

I'll get back to you once I have the counts.

Happy new year,

Rachael

---

**From:** Leanne.Bortner@kobrekim.com <Leanne.Bortner@kobrekim.com>
**Sent:** Monday, December 23, 2019 10:39 PM
**To:** Doud, Rachael (USANYS) <RDoud@usa.doj.gov>
**Cc:** Benjamin.Sauter@kobrekim.com
**Subject:** RE: Kobre & Kim v. CFTC, 19-cv-10151

Rachael,

Thank you for taking the time to speak with us today ahead of the holidays. We wanted to memorialize the decisions and related action items from this morning's call (in green). Please let us know if you have any questions or concerns. Otherwise, we'll plan to be in touch in the new year.

1. For the Division of Enforcement Staff custodians and the Commissioners/Commission Staff custodians, we created a search for: (a) documents responsive to all eight FOIA requests and (b) with a continuous date range. Our position is that if a document is collected and is responsive to one of our requests, it should be produced. The way you had the searches set up could be interpreted as allowing, for example, the CFTC to withhold documents responsive to request 1 if they were

collected from the date ranges in Groups B & C. I'm not sure if that's what you intended, but we don't think that's how it should work. We did not intend to suggest that, if we identify a document responsive to one request, we would not produce it simply because it was identified in connection with another search protocol. We are, however, willing to run a unified date range, though we do not think that date range should start as early as January 1, 2019. Deliberations leading up to the March 22 settlement conference are – by definition – deliberative. While we think that documents following the March 22 settlement conference are also very likely to be deliberative, we are willing to test a date range of March 22, 2019 to August 19, 2019.

You agreed to discuss with CFTC regarding whether the March 22 settlement conference was the first time the parties (together and/or separately) discussed settlement or whether settlement discussions took place in advance of this conference, and if so, to extend the date to capture any communications between the parties prior to the March 22 settlement conference.

2. Added additional CFTC Enforcement Staff members who were included in the description of the CFTC's Aug. 15 press release as "primarily responsible" for the Kraft case; We do not think it makes sense to add those individuals because none of them would have responsive documents. Joseph Patrick was a Division of Enforcement Investigator who would not have been involved in settlement discussions or negotiations. Neel Chopra switched roles prior to January 1, 2019, and was not an active member of the case team at the time relevant here. Finally, Jennifer Smiley and Rosemary Hollinger left the CFTC prior to January 1, 2019 and therefore would not have responsive documents.

We will accept your assertion that these custodians do not have responsive documents and for your initial search to exclude these files. But to the extent that your review finds that these custodians were included on emails or other communications, we understand that you will inform us of the same and search their custodial files. To that end, we reserve all rights to seek documents from additional custodians.

3. Expanded the date ranges to include reasonable periods before and after certain dates at issue. We think this is appropriate because, among other reasons, the deliberative process protection doesn't shield post-decisional communications about a particular decision. We do not think it is appropriate to extend the date range beyond August 19, 2019. That is the date of the hearing when the CFTC's Office of General Counsel agreed to remove the press releases. Given the nature of that decision, there is no reason to believe there would be responsive communications about that issue following that date.

==We understand that you will confer with CFTC regarding extending the date range forward to August 21, the date of K&K's FOIA request, to cover potential conversations post the Court's order regarding the categories in the FOIA request.==

4. Expanded the search terms to target information responsive to our FOIA requests. While we are willing to accommodate the CFTC's use of search terms at this time, we reserve our rights to amend and/or supplement the search protocols and seek follow up searches in light of our review of the CFTC's production. We are willing to add some of your proposed terms but others are either not relevant or overbroad. We do not plan to include: DRW, "press release," "legal conclusion," settlement, or Manipulate!*.

As discussed, we understand that your reasons for excluding these search terms are based on burden concerns with the number of hits. To that end, we ask that you revert to K&K with a hit count for these terms and based on those numbers, we can confer regarding them; but that the search of the other agreed upon terms will continue as we confer on this issue.

Additionally, regarding next steps and related timing, we agreed that you would revert to K&K the week of January 6th with:
- Timeframe for production of documents (based on hit counts), which will be produced on a rolling basis, and for timeframe of privilege/FOIA exemption log;
- Hit count for issue number 4;
- Draft submission to the Court ahead of scheduling conference laying out a proposed timetable for production and motions as agreed on by the parties. We agree that at this time there is no need for a formal 26(f) scheduling order, but as discussed, K&K reserves our right to proceed with formal discovery in the future and want that noted to the letter to the Court.

Thank you for the call today - Happy Holidays.
Best,

Leanne Bortner
+1 202 664 1935

**KOBRE & KIM**

www.kobrekim.com

**Americas** (New York, Buenos Aires, Chicago, Miami, San Francisco, São Paulo, Washington DC)
**Asia-Pacific** (Hong Kong, Seoul, Shanghai), **EMEA** (London, Tel Aviv), **Offshore** (BVI, Cayman Islands)

This e-mail message is from Kobre & Kim LLP, a limited liability partnership established under the laws of New York, referred to above as Kobre & Kim, and may contain legally privileged and/or confidential information. If the reader of this message is not the intended recipient(s), or the employee or agent responsible for delivering the message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please notify the sender immediately and delete this e-mail message and any attachments from your computer without retaining a copy.

**From:** Doud, Rachael (USANYS) [mailto:Rachael.Doud@usdoj.gov]
**Sent:** Friday, December 20, 2019 9:17 PM
**To:** Leanne Bortner <Leanne.Bortner@kobrekim.com>
**Cc:** Benjamin J. A. Sauter <Benjamin.Sauter@kobrekim.com>
**Subject:** [EXTERNAL] RE: Kobre & Kim v. CFTC, 19-cv-10151

Leanne,
Understood. Responses regarding your proposed changes to the search parameters are below in red. I can talk on Monday—let me know what times would work.
Rachael

**From:** Leanne.Bortner@kobrekim.com <Leanne.Bortner@kobrekim.com>
**Sent:** Friday, December 20, 2019 4:38 PM
**To:** Doud, Rachael (USANYS) <RDoud@usa.doj.gov>
**Cc:** Benjamin.Sauter@kobrekim.com
**Subject:** RE: Kobre & Kim v. CFTC, 19-cv-10151

Rachael-
To clarify the Rule 26(f) deadline is December 31, 2019 (and not January 31).
Best-

Leanne Bortner
+1 202 664 1935

**KOBRE & KIM**

[www.kobrekim.com](www.kobrekim.com)

**Americas** (New York, Buenos Aires, Chicago, Miami, San Francisco, São Paulo, Washington DC)
**Asia-Pacific** (Hong Kong, Seoul, Shanghai), **EMEA** (London, Tel Aviv), **Offshore** (BVI, Cayman Islands)

This e-mail message is from Kobre & Kim LLP, a limited liability partnership established under the laws of New York, referred to above as Kobre & Kim, and may contain legally privileged and/or confidential information. If the reader of this message is not the intended recipient(s), or the employee or agent responsible for delivering the message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please notify the sender immediately and delete this e-mail message and any attachments from your computer without retaining a copy.

---

**From:** Leanne Bortner
**Sent:** Thursday, December 19, 2019 3:13 PM
**To:** 'Doud, Rachael (USANYS)' <Rachael.Doud@usdoj.gov>
**Cc:** Benjamin J. A. Sauter <Benjamin.Sauter@kobrekim.com>
**Subject:** Kobre & Kim v. CFTC, 19-cv-10151

Rachael,
Please see attached our revisions to the CFTC's search proposals. Broadly, the revisions do the following:

1. For the Division of Enforcement Staff custodians and the Commissioners/Commission Staff custodians, we created a search for: (a) documents responsive to all eight FOIA requests and (b) with a continuous date range. Our position is that if a document is collected and is responsive to one of our requests, it should be produced. The way you had the searches set up could be interpreted as allowing, for example, the CFTC to withhold documents responsive to request 1 if they were collected from the date ranges in Groups B & C. I'm not sure if that's what you intended, but we don't think that's how it should work. We did not intend to suggest that, if we identify a document responsive to one request, we would not produce it simply because it was identified in connection with another search protocol. We are, however, willing to run a unified date range, though we do not think that date range should start as early as January 1, 2019. Deliberations leading up to the March 22 settlement conference are – by definition – deliberative. While we think that documents following the March 22 settlement conference are also very likely to be deliberative, we are willing to test a date range of March 22, 2019 to August 19, 2019.
2. Added additional CFTC Enforcement Staff members who were included in the description of

the CFTC's Aug. 15 press release as "primarily responsible" for the *Kraft* case; We do not think it makes sense to add those individuals because none of them would have responsive documents. Joseph Patrick was a Division of Enforcement Investigator who would not have been involved in settlement discussions or negotiations. Neel Chopra switched roles prior to January 1, 2019, and was not an active member of the case team at the time relevant here. Finally, Jennifer Smiley and Rosemary Hollinger left the CFTC prior to January 1, 2019 and therefore would not have responsive documents.

3. Expanded the date ranges to include reasonable periods before and after certain dates at issue. We think this is appropriate because, among other reasons, the deliberative process protection doesn't shield post-decisional communications about a particular decision. We do not think it is appropriate to extend the date range beyond August 19, 2019. That is the date of the hearing when the CFTC's Office of General Counsel agreed to remove the press releases. Given the nature of that decision, there is no reason to believe there would be responsive communications about that issue following that date.

4. Expanded the search terms to target information responsive to our FOIA requests. While we are willing to accommodate the CFTC's use of search terms at this time, we reserve our rights to amend and/or supplement the search protocols and seek follow up searches in light of our review of the CFTC's production. We are willing to add some of your proposed terms but others are either not relevant or overbroad. We do not plan to include: DRW, "press release," "legal conclusion," settlement, or Manipulate!*.

5. Revised the protocol for Group C to include Kobre & Kim's eighth FOIA request. We assume the omission was unintentional, but let us know if that's something we need to meet and confer about. As I stated on our call, we view the search in response to Plaintiff's eighth request as complete because the information regarding the decision is publicly available on the docket of *CFTC v. Kraft*, No. 15cv2881 (N.D. Ill.). Specifically, the CFTC removed the press releases at the Court's request. You said on our call that you thought there was some sort of press coverage that supported your allegation that the press releases were removed within hours of being posted—I would appreciate seeing those if you could send them over. At any rate, as indicated above we will produce any responsive, non-exempt documents we identify in response to the search, so whether we consider the protocol to cover Request 8 is not going to have a practical impact.

Once the CFTC has run these searches, let's set a call to discuss expected timing for a rolling production.

In the meantime, per our calculations, the Rule 26(f) deadline is January 31. Given the holidays, do you have time tomorrow or early next week to meet and confer regarding any remaining items on the search term issue and on the 26(f) obligations.

Best,