UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
KOBRE & KIM LLP,

            Plaintiff,

   -v-

COMMODITY FUTURES TRADING
COMMISSION,

            Defendant.
------------------------------------------------------------ x

Case No. 19 Civ. 10151 (LAK) (OTW)

# MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-3274
Fax: (212) 637-2786
E-mail: rachael.doud@usdoj.gov

RACHAEL L. DOUD
Assistant United States Attorney
– Of Counsel –

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT……………………………………………………………….1

BACKGROUND……………………………………………………………………….……3

ARGUMENT………………………………………………………………………………...3

      I.      Plaintiff's Motion is Procedurally Improper………………………………....6

      II.     The CFTC's Search is Adequate…………………………………………….10

CONCLUSION……………………………………………………………………………..15

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Brennan Center for Justice at New York Univ. School of Law v. U.S. Dep't of Justice*,
  377 F. Supp. 3d 428 (S.D.N.Y. 2019) .................................................................................. 8

*Carney v. U.S. Dep't of Justice*,
  19 F.3d 807 (2d Cir. 1994) ............................................................................................ passim

*Cheney v. United States District Court*,
  542 U.S. 367 (2004) .............................................................................................................. 5

*Commodity Futures Trading Commission v. Kraft Food Groups Inc.*,
  153 F. Supp. 3d 996 (N.D. Ill. 2015) .................................................................................... 4

*Financial Guaranty Ins. Co. v. Putnam Advisory Company, LLC*,
  314 F.R.D. 85 (S.D.N.Y. 2016) .......................................................................................... 10

*Grand Cent. P'ship, Inc. v. Cuomo*,
  166 F.3d 473 (2d Cir. 1999) ................................................................................................ 11

*Immigrant Defense Project v. U.S. Immigration*,
  208 F. Supp. 3d 520 (S.D.N.Y. 2016) ........................................................................... passim

*In re City of New York*,
  607 F.3d 923 (2d Cir. 2010) ................................................................................................ 13

*In re Dep't of Investigation of City of N.Y.*,
  856 F.2d 481 (2d Cir. 1988) ................................................................................................ 13

*Iturralde v. Comptroller of Currency*,
  315 F.3d 311 (D.C. Cir. 2003) ........................................................................................... 8, 9

*Liberation Newspaper v. U.S. Dep't of State*,
  80 F. Supp. 3d 137 (D.C. Cir. 2003) ................................................................................ 8, 12

*N.Y. Times Co. v. Central Intelligence Agency*,
  314 F. Supp. 3d 519 (S.D.N.Y. 2018) ................................................................................... 6

*NLRB v. Sears, Roebuck & Co.*,
  421 U.S. 132 (1975) ............................................................................................................ 13

*Payne Enterprises v. United States*,
  837 F.2d 486 (D.C. Cir. 1988) .............................................................................................. 9

*Quinon v. F.B.I.*,
  86 F.3d 1222 (D.C. Cir. 1996) ................................................................................................. 9

*Rugiero v. U.S. Dep't of Justice*,
  257 F.3d 534 (6th Cir. 2001) ................................................................................................ 13

**Statutes**

5 U.S.C. § 552(b)(5) ................................................................................................................ 1, 13

5 U.S.C. § 552(b)(7) ................................................................................................................ 1, 13

**Rules**

Fed. R. Civ. P. 37(a)(1) .................................................................................................................. 7

Fed. R. Civ. P. 72 .......................................................................................................................... 7

Defendant Commodity Futures Trading Commission ("CFTC") respectfully submits this memorandum of law in opposition to Plaintiff Kobre & Kim LLP's ("Plaintiff's") motion to compel.

## PRELIMINARY STATEMENT

In the Freedom of Information Act ("FOIA") request at issue in this case (the "Request"), Plaintiff seeks "answers" to such questions as "(1) why the CFTC settled [an enforcement action brought against Kraft Foods Group, Inc.] after four years of litigation without providing findings of fact or conclusions of law to be included in the court order finalizing the settlement"[1]; "(2) how the CFTC interprets the law on market manipulation in view of *Kraft*"; "(3) why the CFTC agreed to [a particular provision of the *Kraft* settlement]"; and "(4) why the Commission and two of its Commissioners issued press releases about the settlement." (Plaintiff's Memorandum of Law in Support of Motion to Compel Defendant to Extend Document Search ("Mem.") at 1.)  In short, the Request seeks documents going to the heart of the CFTC's litigation and settlement strategies in an ongoing enforcement proceeding and thus implicates multiple FOIA exemptions.  *See* 5 U.S.C. § 552(b)(5) (exempting "inter-agency or intra-agency memorandums or letters that would not be available by law to a party other than an agency in litigation with the agency"); *id.* § 552(b)(7) (exempting "records or information compiled for law enforcement purposes" under certain circumstances, including where their release "could reasonably be expected to interfere with enforcement proceedings" or "would disclose techniques and procedures for law enforcement investigations or prosecutions").  Despite requests from the CFTC, Plaintiff has not identified what non-exempt documents it would hope

---

[1] As discussed in more detail below, the court-ordered settlement agreement was subsequently vacated and the enforcement action has thus continued.  *See infra* at 4-5.

to receive in response to the Request.  Nonetheless, the CFTC has agreed to, and is in the process of, conducting a comprehensive search for records responsive to the Request.  Plaintiff has now filed a "motion to compel" the CFTC to expand its search by extending the date range for its search of electronic communications.

While characterized as a discovery motion, what Plaintiff actually seeks is a premature and piecemeal decision on one of the merits issues in this case:  the sufficiency of the CFTC's search in response to Plaintiff's FOIA request.  Plaintiff's motion should be denied for the simple reason that such a decision cannot be made on the basis of a motion to compel while the CFTC is in the process of responding to the Request.  Despite being directed to address this issue in its brief (*see* Dkt. No. 22), Plaintiff has not cited a single case supporting the proposition that a motion to compel is an appropriate mechanism for challenging the adequacy of the CFTC's search.  Instead, as case law in this Circuit makes clear, any challenge to the adequacy of the CFTC's search must be made in a motion for summary judgment, with the benefit of declarations from the CFTC.  *See Carney v. U.S. Dep't of Justice*, 19 F.3d 807, 812 (2d Cir. 1994).  Plaintiff cannot bypass that procedure by mischaracterizing their motion as raising a discovery dispute. (*See* Dkt. No. 19.)

Even if the Court were to consider Plaintiff's motion on the merits, moreover, it should be denied.  The government's search in response to a FOIA request is adequate as long as it is "reasonably calculated to discover requested documents." *Immigrant Defense Project v. U.S. Immigration*, 208 F. Supp. 3d 520, 527 (S.D.N.Y. 2016) (citation omitted).  The "search need not be perfect" to satisfy this standard; instead, the government prevails "so long as the agency has provided logical explanations for each of the decisions it made as to search terms to be used and

how to conduct the searches, evincing a good faith effort to design a comprehensive search." *Id.* (internal quotation marks omitted).

Here, the CFTC has crafted a comprehensive search. Plaintiff takes issue with a single parameter of that search, speculating that if the CFTC were to expand its search by two days it might locate some "post-decisional" documents responsive to the Request. (*See* Mem. at 1.) Such speculation does not entitle Plaintiff to relief. Moreover, to the extent Plaintiff suggests that documents from August 20 and 21, 2019, would not tend to be subject to the same exemptions as the documents the CFTC is already reviewing, Plaintiff is mistaken. Because Plaintiff seeks documents concerning the CFTC's legal strategy in an ongoing enforcement action, several privileges—including not only the deliberative process privilege, but also the attorney-client privilege, work product doctrine, and law enforcement privilege—are implicated. While Plaintiff may be frustrated that the majority of documents responsive to its request are subject to one or more FOIA exemptions, that is not because the CFTC has engaged in "a cynical strategy designed to evade an obligation to disclose documents that would be of great public interest" (Mem. at 3)—but, rather, because Plaintiff has inexplicably chosen to seek privileged documents through the Request. In sum, the CFTC's search is adequate and Plaintiff has presented no valid basis for altering it, particularly at this stage of the case.

Accordingly, Plaintiff's motion should be denied.

## BACKGROUND

This case arises from an August 21, 2019, FOIA request in which Plaintiff seeks various categories of documents relating to a settlement agreement entered into by the CFTC in an enforcement action against Kraft Foods Group, Inc.: *Commodity Futures Trading Commission v. Kraft Foods Grp., Inc.*, Case No. 15-cv-02881 (N.D. Ill.).

On March 22, 2019, the CFTC and Kraft reached an agreement in principle to settle the case (which the court described as a "binding agreement") at a settlement conference held before the court. *Kraft*, Case No. 15-cv-02281, Dkt. No. 302.² The court directed the parties to submit a proposed consent order to the court before the next court date. *Id.* The parties subsequently submitted a proposed consent order, which the court entered on August 14, 2019. *Id.*, Dkt. No. 310. On August 15, 2019, the CFTC issued a press release regarding the settlement. *Kobre & Kim LLP v. Commodities Futures Trading Comm'n*, Case No. 19-cv-10151 (LAK) (OTW), Dkt. No. 1, Ex. B. Additionally, two CFTC commissioners, Commissioner Dan Berkovitz and Commissioner Rostin Behnam, issued their own joint press release regarding the settlement. *Id.*, Dkt. No. 1, Ex. A.

On August 16, 2019, Kraft filed a motion for contempt, arguing that the CFTC had violated the settlement agreement by issuing the press releases. *Kraft*, Case No. 15-cv-02881, Dkt. No. 316. On August 19, 2019, the court held a status hearing on Kraft's motion. *Id.*, Dkt. No. 319. At the hearing, the court asked the CFTC if it would agree to remove the press releases from its website pending a decision on the motion for contempt, and an attorney for the CFTC agreed on the record to do so. *Id.*; Dkt. No. 326 at 31. The court took Kraft's contempt motion under advisement and scheduled a hearing for September 12, 2019, at which it ordered Heath Tarbert, the Chairman of the CFTC, and Commissioners Berkovitz and Behnam, as well as certain of their staff members, to appear in person to be questioned. *Id.*, Dkt. No. 326. The

---

² Plaintiff claims that, before the parties reached an agreement to settle the case, the court "had rejected the CFTC's legal theory" of manipulation. (Mem. at 4.) The decision Plaintiff cites in fact denied Kraft's motion to dismiss two counts of the CFTC's complaint, and the quoted portion of the decision relates to a discussion about the applicable pleading standard. *See Commodities Futures Trading Commission v. Kraft Food Groups Inc.*, 153 F. Supp. 3d 996, 1008 (N.D. Ill. 2015).

CFTC subsequently filed a motion to vacate the evidentiary hearing and a petition for a writ of mandamus to prevent the district court from requiring the Chairman and Commissioners to testify at the hearing.  *See id.*, Dkt. No. 354.  The Seventh Circuit granted the petition for mandamus, holding that the district court could not compel the Chairman and Commissioners to testify.  *Id*.  In so holding, the court reasoned that "[j]udicial review of an agency's decision is limited to the agency's official acts and the administrative record in all but the most extraordinary situations," and that "[o]ne important reason for that rule is that intra-agency deliberations are covered by multiple privileges, as [*Cheney v. United States District Court*, 542 U.S. 367 (2004)] and other decisions explain."  *Id.* at 6.  The court also held that the district court could not hold the Chairman, the Commissioners, or staff members personally in contempt.  *Id.*

In response to the Seventh Circuit's decision, on October 23, 2019, the district court vacated the settlement agreement between the CFTC and Kraft.  *Kraft*, Dkt. No. 355.  Both Kraft's motion for contempt and the case as a whole currently remain pending.

Plaintiff's FOIA request seeks documents concerning:  (i) the "binding agreement" referenced by the court in *Kraft,* docket entry 302, on March 22, 2019 (Request Part 1); (ii) documents concerning the August 14, 2019, consent order, including "documents and communications concerning the decision by the CFTC . . . to approve the Consent Order," the decision by the CFTC to approve the consent order "without findings of fact and conclusions of law," and the decision by the CFTC to approve a particular provision of the consent order restricting comments on the consent order (Request Parts 2-5); (iii) documents concerning the "preparation" of and "decision . . . to publish" the August 15, 2019, press releases (Request Parts 6-7); and (iv) documents concerning the CFTC's "decision" to remove the press releases from its website on August 19, 2019 (Request Part 8).

5

In order to respond to the Request, the CFTC is undertaking three searches. (*See* Dkt. No. 25 Ex. A at 5-6; *see also* Declaration of Rachael Doud, Ex. A.) The first search applies to the documents of various personnel at the CFTC's Division of Enforcement and covers the period from February 26, 2019, through August 19, 2019. (Doud Decl. Ex. A at 1.) The second search applies to the documents of the Commissioners and their staff and covers the period from March 21, 2019, through August 19, 2019. (*Id.* at 2.) The third search applies to the documents of various personnel at the CFTC's Office of the General Counsel and Office of Public Affairs and covers the period from June 27, 2019, through August 19, 2019. (*Id.* at 4.) Collectively, these searches include the documents of forty-five custodians. (*Id.*) In performing the searches, the CFTC is using a set of comprehensive search terms to which Plaintiff currently voices no objection. (*Id.*) The CFTC has agreed to make monthly productions on a rolling basis, with productions to be complete by July 31, 2019. (Dkt. No. 18 at 1.) Thus far, the CFTC has made three productions, in February, March, and April. (*See* Dkt. No. 20.)

## ARGUMENT

**I.     PLAINTIFF'S MOTION IS PROCEDURALLY IMPROPER**

Where, as here, the plaintiff brings an action pursuant to FOIA, the questions, if any, to be decided by the Court will be (i) the adequacy of the CFTC's search; and (ii) whether the CFTC's withholdings pursuant to FOIA's exemptions are justified. *See Carney*, 19 F.3d at 812. Both issues are typically resolved on motions for summary judgment. *Id.*; *see also, e.g.*, *N.Y. Times Co. v. Central Intelligence Agency*, 314 F. Supp. 3d 519, 525 (S.D.N.Y. 2018). At that point, the agency "has the burden of showing that its search was adequate and that any withheld documents fall within an exemption to the FOIA." *Carney*, 19 F.3d at 812. However, "[a]ffidavits or declarations supplying facts indicating that the agency has conducted a thorough search and giving reasonably detailed explanations why any withheld documents fall within an

6

exemption are sufficient to sustain the agency's burden." *Id.* Because "[a]ffidavits submitted by an agency are accorded a presumption of good faith," as long as the agency's submissions are "adequate on their face" discovery is generally unnecessary and "the district court may forgo discovery and award summary judgment on the basis of affidavits." *Id.* (internal quotation marks omitted). The plaintiff is only entitled to discovery if it can show "bad faith on the part of the agency sufficient to impugn the agency's affidavits or declarations, or provide some tangible evidence that an exemption claimed by the agency should not apply or summary judgment is otherwise inappropriate." *Id.* (internal citation omitted). In the rare care in which discovery is permitted, moreover, it would relate "to the agency's search and the exemptions it claims for withholding records." *Id.*

      Plaintiff seeks to bypass this process by prematurely filing what it characterizes as a motion to compel. While not discussed in any detail, Plaintiff apparently brings this motion pursuant to Rule 37 of the Federal Rules of Civil Procedure, which provides that "a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1); *see* Dkt. No. 23. This is improper for several reasons. First and foremost, Plaintiff does not actually seek discovery, but a decision on one of the two merits issues in the case: the adequacy of the CFTC's search. That issue must be decided on summary judgment, based on a factual record including agency declarations. *See Carney*, 19 F.3d at 812.[3] Even if Plaintiff did actually seek discovery, moreover, Plaintiff would only be entitled to such discovery after the point the CFTC had completed its search and submitted declarations in support of the adequacy of its search, and

---

[3] Among the other impediments to Plaintiff's proposed approach, because the adequacy of the CFTC's search is a merits issue in the case it should be decided by the finder of fact. *See* Fed. R. Civ. P. 72 (unless parties have consented, magistrate judge can only issue findings and recommendations, to be reviewed by the district judge, on dispositive motions).

7

only if Plaintiff could show "bad faith on the part of the agency sufficient to impugn the agency's affidavits or declarations, or provide some tangible evidence that an exemption claimed by the agency should not apply or summary judgment is otherwise inappropriate." *Id.* (citations omitted). Even then, such discovery would focus on the adequacy of the CFTC's search or the propriety of its withholdings—not provide a means to dictate the parameters of the CFTC's search. *Id.*

While this Court directed Plaintiff to address in its papers the appropriateness of its motion (*see* Dkt. No. 22), Plaintiff does not cite a single case suggesting that the plaintiff in a FOIA case can challenge the adequacy of the government's search via a motion to compel, prior to summary judgment briefing. Tellingly, the cases Plaintiff cites in purported support for the proposition that the adequacy of the CFTC's search can be decided now were themselves decided on motions for summary judgment. *See Brennan Center for Justice at New York Univ. School of Law v. U.S. Dep't of Justice*, 377 F. Supp. 3d 428 (S.D.N.Y. 2019); *Liberation Newspaper v. U.S. Dep't of State*, 80 F. Supp. 3d 137 (D.D.C. 2015); *Iturralde v. Comptroller of Currency*, 315 F.3d 311 (D.C. Cir. 2003) (cited Mem. at 14). These cases in no way suggest that the adequacy of the government's search in a FOIA case can be decided via a motion to compel prior to summary judgment briefing. *See Brennan Center*, 377 F. Supp. 3d at 434-36 (on cross motions for summary judgment, finding that agency's search terms were unreasonably narrow and, based on evidence of record indicating that responsive documents were sent by private email accounts, defendants' searches were inadequate insofar as they did not include searches of such accounts); *Liberation Newspaper*, 80 F. Supp. 3d at 144-46 (granting Department of State's motion for summary judgment on ground that Department's search was adequate, relying in part

on "three separate and detailed declarations" submitted by the agency); *Iturralde*, 315 F.3d at 315 (upholding grant of summary judgment to the agency regarding the adequacy of its search).

While Plaintiff also argues that, at summary judgment, the CFTC will not be able to provide affidavits or declarations establishing the adequacy of its search because Plaintiff believes the CFTC should have included two additional days within its search (Mem. at 14-15), this argument is unavailing.  While Plaintiff may argue at summary judgment that the CFTC's declarations are inadequate to demonstrate the adequacy of its search, this does not mean that Plaintiff is entitled to bypass summary judgment by moving to compel now.  *See generally Quinon v. F.B.I.,* 86 F.3d 1222, 1227 (D.C. Cir. 1996) (cited Mem. at 15) (noting that while in some cases affidavits "provide a sufficient basis for granting summary judgment in favor of the Government" on the legitimacy of its withholdings, "affidavits will not suffice" for this purpose "if the agency's claims are conclusory, merely reciting statutory standards, or if they are too vague or sweeping" (citation omitted)).[4]

The inappropriateness of the relief Plaintiff seeks is highlighted by the fact that, as Plaintiff concedes, there is a "high likelihood" that there will be disputes concerning the CFTC's search and withholdings to be decided on summary judgment.  (Mem. at 12.)  Plaintiff effectively seeks two bites of the apple:  it wants to challenge one component of the CFTC's search now, while reserving the right to challenge any component of the CFTC's search, as well as the CFTC's withholdings, on summary judgment.  (*See* Dkt. No. 17 (reserving right to

---

[4] Plaintiff's citation to *Payne Enterprises v. United States*, 837 F.2d 486, 494 (D.C. Cir. 1988) (*see* Mem. at 15), is also inapposite, because Plaintiff does not challenge the rate of the CFTC's review and productions.  *See id.* (holding that Air Force practice of denying requests to produce copies of bid abstracts "when, in their judgment, competition for contracts was so limited that release of the abstracts might result in higher prices in the future" was improper because, as Air Force itself invariably determined on subsequent levels of review, no FOIA exemptions applied, so the practice simply resulted in unnecessary production delays).

challenge search after receiving productions).)  Even if Plaintiff's motion were procedurally proper—which it is not—there is no reason to decide the adequacy of the CFTC's search in this piecemeal manner.  *See generally Ramaci v. Federal Bureau of Investigation*, Case No. 17 Civ. 10084 (RA) (Dkt. No. 18) (May 7, 2018 Order) (denying plaintiff's request to set a summary judgment briefing schedule to address objection to withholdings, where FBI had not yet completed productions, reasoning that the court would be "better positioned to assess the parties' arguments" when it had a "more complete record" and plaintiff's proposal would result in multiple rounds of briefing).  While Plaintiff argues that the CFTC's proposed approach—of deciding the adequacy of the CFTC's search at summary judgment, in accordance with binding Second Circuit precedent—"would only result in waste of Court and party resources" (Mem. at 15), it is Plaintiff who has wasted the parties' and the Court's resources by filing an improper motion.

## II.  THE CFTC'S SEARCH IS ADEQUATE

As discussed above, the adequacy of the CFTC's search cannot appropriately be resolved on a motion to compel, or at this stage of the case.  Even if the Court were to consider the merits of Plaintiff's argument, however, the date range chosen by the CFTC for its search is reasonable.

If this issue were being decided at summary judgment, as is appropriate, the CFTC would bear the burden of demonstrating "that its search was adequate." *Carney*, 19 F.3d at 812; *see also Immigrant Defense Project*, 208 F. Supp. 3d at 526.  Because this issue has not been presented as part of a summary judgment motion, it is not clear that standard would still apply.[5]

---

[5] Under the standard that typically applies to a motion to compel discovery, "[i]f a party objects to discovery requests, that party bears the burden of showing why discovery should be denied." *Financial Guaranty Ins. Co. v. Putnam Advisory Co., LLC*, 314 F.R.D. 85, 87 (S.D.N.Y. 2016). Here, Plaintiff does not actually seek discovery, and has not made any discovery request, so that standard is inapplicable—highlighting, again, the inappropriateness of Plaintiff's motion.

Even assuming that it does, however, the CFTC could meet its burden by showing that its search, as a whole, is "reasonably calculated to discover requested documents." *Immigrant Defense Project*, 208 F. Supp. 3d at 527 (quoting *Grand Cent. P'ship, Inc. v. Cuomo*, 166 F.3d 473, 489 (2d Cir. 1999)). To satisfy this standard, "[t]he agency's search 'need not be perfect.'" *Id.* (quoting *Grand Cent. P'ship, Inc.*, 166 F.3d at 489). "To that end, a reasonable search need not uncover every document extant to satisfy FOIA's mandate." *Id.* (internal quotation marks omitted).

As discussed above, the CFTC is undertaking searches of the documents of forty-five custodians, using search terms that Plaintiff apparently views as adequate, spanning the period from February 26, 2019, through August 19, 2019. *See supra* at 6. The CFTC selected this end date for its search because each of the events referenced in Plaintiff's request—the agreement in principle to enter into a settlement agreement on March 22, 2019; the decision to enter into the consent order with Kraft, which was entered by the court on August 14, 2019; the preparation of and decision to publish the press releases, which were posted on August 15, 2019; and the decision to remove the press releases at the court's request on August 19, 2019—occurred on or before August 19, 2019.

Plaintiff argues that the CFTC should have used a slightly longer timeframe, ending August 21, 2019, for its searches. Plaintiff argues that the CFTC's decision to remove the press releases on August 19, 2019, constitutes a "dramatic change in course" suggesting the likelihood of "post-decisional discussions" about the decision in the days that follow. (Mem. at 10.) The reason for the CFTC's decision to remove the press releases is apparent based on public filings in the *Kraft* case, however—Kraft filed a motion for contempt on the basis of the press releases, and on August 19, 2019, the Court asked whether the CFTC would agree to remove the press

11

releases while the motion was being decided and the CFTC agreed on the spot that it would. (*Kraft*, Dkt. No. 326 at 31.)  Plaintiff does not explain why the "decision" to do what the Court asked raises "red flags," and Plaintiff's assertion that the CFTC likely had discussions about that decision in the following two days is entirely speculative.  *See Liberation Newspaper*, 80 F. Supp. 3d at 144 ("speculation as to the potential results of a different search does not necessarily undermine the adequacy of the agency's actual search").[6]

Plaintiff also argues that the CFTC should be required to search for documents from August 20 and 21, 2019, because the CFTC has asserted that a significant fraction of the documents it has produced thus far are subject to FOIA exemptions, and "documents from August 20-21 . . . are 'post-decisional' by definition"—and thus, Plaintiff suggests, not subject to the deliberative process privilege.  (Mem. at 12.)  This argument misses the mark.  As an initial matter, Plaintiff appears to assume that the only privilege or exemption that applies to responsive documents is the deliberative process privilege.[7]  While it is certainly true that the Request— which focuses on the CFTC's reasons for making certain legal and strategic decisions in an

---

[6] Plaintiff makes much of the fact that it asked the CFTC to expand the date range of its search and the CFTC "refused."  (Mem. at 1.)  Plaintiff ignores the fact that it is the prerogative of the agency, with its "superior knowledge" of its records, to craft a search in the first instance, and the agency does not have to take suggestions from the requester as to how to do so.  *Immigrant Defense Project*, 208 F. Supp. 3d at 527 ("FOIA does not give requesters the right to Monday-morning-quarterback the agency's search.").

[7] Plaintiff asserts that, out of the productions made to date, the CFTC "has asserted the deliberative process privilege as the basis for its redactions and redacted virtually all substantive discussions."  (Mem. at 8.)  In fact, the redacted material is in many cases subject to multiple privileges, including the attorney client, work product, deliberative process, and law enforcement privileges.  The productions themselves specify the FOIA exemption or exemptions applicable to any given document but do not provide further detail (*e.g.*, specifying each privilege applicable to a portion of a document withheld under FOIA exemption 5), and the CFTC has not yet provided a *Vaughn* index, so Plaintiff has no basis for assuming that the deliberative process privilege is the basis for all redactions.

enforcement proceeding—implicates the deliberate process privilege, it also implicates other privileges and exemptions.

Focusing, as Plaintiff does, on the "decision" to remove the press releases on August 19, 2019, for example, the individual who agreed to the Court's request to do so was one of the attorneys representing the CFTC in the *Kraft* case, and the "decision" was part of the CFTC's strategy in responding to a pending motion for contempt. Even if there were any documents pertaining to this "decision," Plaintiff's request for documents about that decision at a minimum implicates the attorney-client, work product, and law enforcement privileges, in addition to the deliberative process privilege. *See* 5 U.S.C. § 552(b)(5) & (7); *see also NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 149 (1975) (FOIA exemption 5 applies to documents normally privileged in the civil discovery context); *In re Dep't of Investigation of City of N.Y.*, 856 F.2d 481, 484 (2d Cir. 1988) (purpose of law enforcement privilege is, in part, "to prevent disclosure of law enforcement techniques and procedures"); *see also e.g.*, *Rugiero v. U.S. Dep't of Justice*, 257 F.3d 534, 550 (6th Cir. 2001) (exemption 7 applies "not only to criminal enforcement actions, but to records compiled for civil enforcement purposes as well"). More broadly, while Plaintiff attempts to suggest that August 19, 2019, represents some sort of turning point after which discussions would no longer be privileged, on August 20 and 21, 2019, the CFTC was still engaged in an active enforcement proceeding, including litigation regarding Kraft's motion for contempt and the CFTC's ensuing mandamus petition.[8] Discussions about matters relating to the

---

[8] Plaintiff's argument that, because the settlement agreement was not vacated until October 23, 2019, communications from August 20 and 21, 2019, did not relate to an "active enforcement proceeding" (Mem. at 13) makes no sense. The litigation against Kraft was still ongoing as of August 20 and 21, 2019, because the issues were not fully resolved and the case was not closed. Further, the law enforcement privilege can apply in the absence of active proceedings. *See generally In re City of New York*, 607 F.3d 923, 944 (2d Cir. 2010) ("An investigation . . . need not be ongoing for the law enforcement privilege to apply as the ability of a law enforcement

13

*Kraft* litigation from this period—like discussions from the preceding months—would thus implicate various privileges.

While the events about which Plaintiff's request seeks documents concluded on August 19, 2019, another component of the *Kraft* litigation—responding to Kraft's contempt motion and the fact that the court on August 19, 2019, ordered an evidentiary hearing on that motion—was just ramping up at that point. Any electronic search is necessarily limited by certain parameters, and the CFTC reasonably concluded that, based on the timeline of *Kraft* litigation, August 19, 2019, was a reasonable endpoint for its search. If Plaintiff wanted to focus on later events, it could have tailored the Request accordingly.[9]

Simply put, Plaintiff challenges one aspect of the CFTC's search based on speculation that, if the CFTC expanded its date range, it might locate some additional documents that might not be privileged. This would not be sufficient to entitle Plaintiff to relief at summary judgment, and it certainly does not entitle Plaintiff to relief now. *See generally Immigrant Defense Project*, 208 F. Supp. 3d at 527 (the Government's "search need not be 'perfect' in Plaintiffs' estimation

---

agency to conduct future investigations may be seriously impaired if certain information is revealed to the public." (internal quotation marks omitted).) Plaintiff also argues that "[i]t is unlikely that the types of correspondence and other documents responsive to the FOIA Requests would qualify as having been 'compiled' for law enforcement purposes." (Mem. at 13.) Plaintiff does not provide any support for the proposition that materials compiled for purposes of an enforcement action would not meet this standard. *See* 5 U.S.C. § 522(b)(7) (exempting "records or information compiled for law enforcement purposes" where their release "could reasonably be expected to interfere with enforcement proceedings" or "would disclose techniques and procedures for law enforcement investigations or prosecutions").

[9] Plaintiff's arguments regarding the applicability of exemptions also emphasizes the fact that it is inappropriate to decide now, via a motion to compel, whether the CFTC's search is adequate. While Plaintiff attempts to argue that the date range of the CFTC's search is a discrete issue that could be decided in a vacuum, its motion devotes significant discussion to the appropriateness of the CFTC's withholdings and the question of which exemptions may apply to which time periods. (Mem. at 7-8, 12-14.) These issues, as well as the adequacy of the CFTC's search, should be evaluated at summary judgment, based on a full record.

(or even the Court's), so long as the agency has provided logical explanations for each of the decisions it made as to search terms to be used and how to conduct the searches, evincing a good faith effort to design a comprehensive search" (internal quotation marks omitted)).

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to compel should be denied.

Dated:  May 15, 2020
        New York, New York

                      Respectfully submitted,

                      GEOFFREY S. BERMAN
                      United States Attorney for the
                      Southern District of New York
                      *Attorney for the Defendants*

By:    /s/ Rachael L. Doud
        RACHAEL L. DOUD
        Assistant United States Attorney
        86 Chambers Street, 3rd Floor
        New York, New York 10007
        Tel.:  (212) 637-3274
        Fax:  (212) 637-2786
        E-mail: rachael.doud@usdoj.gov