UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- x

KOBRE & KIM LLP,

               Plaintiff,

    -v-

COMMODITY FUTURES TRADING
COMMISSION,

               Defendant.
-------------------------------------------------------- x

Case No. 19 Civ. 10151 (LAK) (OTW)

**DECLARATION OF ROSEMARY BAJOREK IN SUPPORT OF DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

    I, Rosemary Bajorek, pursuant to 28 U.S.C. § 1746, declare as follows:

    1.     I am over the age of 18 and competent to testify to the matters herein.

    2.     I manage the Freedom of Information Act ("FOIA") program within the Office of

General Counsel ("OGC") at the Commodity Futures Trading Commission ("CFTC").  I have

been in my current position since April 2019.

    3.     As an Attorney-Advisor overseeing the FOIA program, I manage the day-to-day

processing of FOIA requests, review the work of two FOIA paralegals, conduct training for new

employees, and generate and submit required FOIA reports to the Department of Justice.

    4.     My duties include managing searches for CFTC records in response to requests

under the FOIA, determining whether to release or withhold records or portions of responsive

records in accordance with the FOIA and the CFTC's regulations, and overseeing the

implementation of the CFTC's FOIA program.

    5.     The statements made in this declaration are based on my personal knowledge

and/or information and official records made available to me in my official capacity.

6.      The statements made in this declaration are made in support of the CFTC's

Motion for Summary Judgment in the above-captioned matter.

7.      This declaration describes how the CFTC responded to Plaintiff's FOIA request.

In addition, in accordance with the requirements set forth in *Vaughn v. Rosen*, 484 F.2d 820

(D.C. Cir. 1973), this declaration explains the basis for withholding portions of the requested

information pursuant to Exemptions (b)(5), (b)(6), and (b)(7) of the FOIA.

8.      This declaration includes two attached exhibits referenced herein:

- Exhibit 1 is the CFTC's Vaughn Index;

- Exhibit 2 is a list of search parameters largely agreed to by the parties that
  were applied to preserved records to create a set of records for review.  These
  parameters include custodians, time periods, and keywords.  The only search
  parameter not agreed to was the end date for the search.  Plaintiff asserted that
  the end date for the search should be August 21, 2019 (*see* ECF Nos. 23, 24,
  25, 28).  The CFTC concluded that the end date should be August 19, 2019
  (*see* ECF Nos. 26, 27), and searched using that end date.

## The CFTC

9.      The CFTC, which was created in 1974, is an independent agency that regulates

the U.S. derivatives markets, which includes futures, swaps, and certain kinds of options.  The

Commission consists of five Commissioners appointed by the President of the United States,

with the advice and consent of the Senate, to serve staggered five-year terms.  7 U.S.C. §

2(a)(2)(A).

10.     The CFTC's Division of Enforcement investigates and prosecutes alleged

violations of the Commodity Exchange Act and CFTC regulations.  The Division may, at the

direction of the Commission, file complaints in the U.S. District Courts.

11.     The Commission oversees the Division of Enforcement's litigation, and the

Division of Enforcement regularly advises the Commission as to its proposed, pending, and

completed litigation and settlements.  All settlements of CFTC claims in litigation must be approved by majority vote of the Commissioners.

### The FOIA Request

12.     Plaintiff brought this action against the CFTC under the Freedom of Information Act, 5 U.S.C. § 552.  Plaintiff seeks documents related to *CFTC v. Kraft*, Case No. 15-cv-2881 (N.D. Ill.) ("*CFTC v. Kraft*"), a civil enforcement action alleging violations of CEA Section 6(c)(1) and Rule 180.1.  Plaintiff's FOIA Request seeks the following categories of CFTC documents related to the *Kraft* case:

- All documents and communications concerning the "binding agreement" referenced in docket entry 302 of the case captioned Kraft, Case No. 15-cv-2881 (N.D. Ill.);

- All documents and communications concerning the "Consent Order" referenced in docket entries 309 and 310 of the Kraft case;

- All documents and communications concerning the decision by the CFTC and/or any of its staff, agents, and/or commissioners to approve the Consent Order;

- All documents and communications concerning the decision by the CFTC and/or any of its staff, agents, and/or commissioners to approve the Consent Order without findings of fact or conclusions of law;

- All documents and communications concerning the decision by the CFTC and/or any of its staff, agents, and/or commissioners to approve the provision in the Consent Order that states: "Neither party shall make any public statement about this case other than to refer to the terms of this settlement agreement or public documents filed in this case, except any party may take any lawful position in any legal proceeding, testimony, or by court order";

- All documents and communications concerning the preparation by the CFTC and/or any of its staff, agents, and/or commissioners of the press releases referenced in docket entry 319 of the Kraft case;

- All documents and communications concerning the decision by the CFTC and/or any of its staff, agents, and/or commissioners to publish the press releases referenced in docket entry 319 of the Kraft case;

- All documents and communications concerning the decision by the CFTC and/or any of its staff, agents, and/or commissioners to remove the press releases referenced in docket entry 319 of the Kraft case.

### **The CFTC's Preservation of Records and Search for Responsive Records**

13.     In accordance with the CFTC's litigation obligations, the CFTC instituted a litigation hold before the commencement of *CFTC v. Kraft*, No. 15cv2881 (N.D. Il.).  When the contempt litigation in *Kraft* began, the litigation hold was expanded to cover additional custodians, including those custodians' email.  For email, CFTC custodians use Microsoft Exchange.

14.     The CFTC searched the records preserved pursuant to the litigation hold (the "preserved records") in accordance with parameters largely agreed upon by the parties in this litigation.  These search parameters are reflected in Exhibit 2 to this declaration, and include:

- Three custodian groups that include 45 individuals from: the Division of Enforcement (Group A); Commissioners' Offices (Group B); and the Office of the General Counsel and Office of Public Affairs (together in Group C).

- Search terms for each of the three custodian groups.

- Date ranges for each custodian group's email spanning anywhere from February 26, 2019 through August 19, 2019.

15.     Plaintiff challenges the August 19, 2019 end date search parameter.  (*See* ECF Nos. 23, 24, 25, 28.)  The CFTC selected this date because each of the events referenced in Plaintiff's FOIA request occurred on or before this date.  (*See* ECF Nos. 26, 27.)  Accordingly, the "decision(s)" and "preparation" referenced in Plaintiff's request necessarily took place on or before that date.  Specifically, "the decision by the CFTC … to remove the press releases [from its website]," is the last event, chronologically, about which the Plaintiff seeks information, and, as averred in the CFTC's Answer, counsel for the CFTC agreed to remove the disputed

statements from its website at the August 19, 2019 court hearing on the *Kraft* defendants'

contempt motion.  (*See* ECF No. 16.)

16.     The CFTC applied the parameters reflected in Exhibit 2 to the preserved records

in order to create a subset of records to review for responsiveness to Plaintiff's FOIA request.

The application of the search parameters resulted in a total of 26,438 records.

17.     Beginning in February 2020, in accordance with an agreement with Plaintiff and

as directed by the Court (ECF No. 18), the CFTC began reviewing the 26,438 records in order to

make monthly rolling productions of responsive documents.  As part of the review, the CFTC

redacted any information that was exempt from production under the FOIA statute.

18.     The CFTC made 6 monthly document productions to Plaintiff starting in February

2020 and continuing through July 2020.  In total, the CFTC produced 1,873 records that contain

information responsive to the FOIA request.  The CFTC endeavored to eliminate duplicate

documents where possible.

### The Vaughn Index

19.     Pursuant to *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), a Vaughn index is

attached to this declaration.  The Vaughn index provides descriptions of the redactions applied to

the records produced to Plaintiff.

20.     The Vaughn index is in table format with columns as follows:

- Bates Number – provides the identifying number for each record produced.

- Bates Range – includes the Bates numbers for the parent and attachment(s) for the record.

- Description – identifies the from, to, cc, and subject of email records.

- Date – provides the send date for email records or for the last email in a chain.

- Parent or Attachment – provides information as to whether a record is a parent email or an attachment to a parent email. Designation of parent status does not mean there is necessarily an attachment.

- Partial or Full Exemption – describes the degree of withholdings taken on the record (i.e., partial or full).

- Privilege Type – sets out exemptions applied to the record.

- FOIA Justification – provides the justifications for the asserted exemptions.

## General Description of FOIA Exemptions Applied to Records

21.     Several of the records redacted in full as exempt pursuant to the deliberative process, attorney work product, and attorney-client privileges housed within FOIA Exemption 5 are draft and/or internal memoranda reflecting recommendations and advice by CFTC attorneys to the Commission or to CFTC staff. In these cases, such memoranda generally cover settlement negotiations and advice and mental impressions regarding settlement, as well as settlement or litigation strategy. The memoranda involve counsel and the communications seek or reflect legal advice of counsel. These documents are pre-decisional in nature as they precede any final agency statements, and they therefore reflect the opinions of the writers and editors and not the position of the agency itself. They are a vital part of the agency's decision-making process, as they reflect the recommendations, legal advice, and opinions of the authors and editors. Release of such memoranda would have a significant chilling effect on the CFTC's entire deliberative process as well as the CFTC employees' ability to seek and obtain legal advice, as staff would be much less likely to offer full and candid recommendations if their deliberations and advice were to be released to the public. Additionally, release of any pre-decisional records would potentially confuse the public as to the actual final decision of the agency or the actual grounds relied upon to reach its final decision. Finally, because these documents contain attorneys' mental

impressions about the *Kraft* case, and in particular about both litigation and settlement strategy, the documents are attorney work product.

22.     Many of the records redacted in full as exempt pursuant to the deliberative process, attorney work product, and attorney-client privileges housed within FOIA Exemption 5 are drafts of pleadings, proposed orders, press releases, or commissioner statements.  These documents are related to either the settlement of claims in *Kraft* or to the *Kraft* defendants' contempt motion, and are pre-decisional in nature as they precede any final agency decisions on settlement strategy or litigation strategy and advice as to the contempt proceedings.  They are deliberative because they involve deliberations concerning how best to communicate information of public interest concerning government business in a context that also includes sensitive matters, and they therefore reflect the opinions of the writers and editors and not the position of the agency itself.  These documents involve counsel and seek or reflect legal advice of counsel. Drafts of pleadings, proposed orders, press releases, and commissioner statements are a vital part of the agency's decision-making process, as they reflect the recommendations, legal advice, and opinions of the authors and editors.  Release of such draft pleadings would have a significant chilling effect on the CFTC's entire deliberative process as well as the CFTC employees' ability to seek and obtain advice from CFTC attorneys, as staff would be much less likely to offer full and candid recommendations if their deliberations and advice were to be released to the public. Additionally, release of any pre-decisional records would potentially confuse the public as to the actual final decision of the agency or the actual grounds relied upon to reach its final decision. Finally, because these draft documents contain attorneys' mental impressions about the *Kraft* case, and in particular about both litigation and settlement strategy, the documents are attorney work product.

23.     Many of the records that are redacted in part are emails, portions of which are exempt pursuant to the governmental deliberative process privilege, the attorney-client privilege, and the attorney work product privilege, all housed within FOIA Exemption 5.  Such emails generally contain pre-decisional advice, recommendations, or mental impressions from attorneys to CFTC staff regarding settlement, proposed orders, messaging and press strategy, and contempt proceedings in the *Kraft* case.  The information is pre-decisional in nature as it precedes any final agency decisions on settlement or course of action regarding contempt, and the information therefore reflects the opinions of the authors.  Finally, because the communications contain attorneys' mental impressions about the *Kraft* case, and in particular about both litigation and settlement strategy, these communications are attorney work product.

24.     Many records produced either as redacted in full or redacted in part contain information exempt from production pursuant to Exemption 7(A).  The CFTC withheld internal communications as well as draft press releases and commissioner statements regarding settlement and litigation strategy as well as contempt proceedings strategy that were compiled for law enforcement purposes and that, if produced, could cause foreseeable harm to the *Kraft* enforcement case, which remains an open matter.  In addition, the CFTC withheld communications and draft documents exchanged with counsel for the *Kraft* defendants that, if produced, could reasonably be expected to interfere with the *Kraft* enforcement case.  Finally, the CFTC withheld internal communications and information regarding other (non-*Kraft*) enforcement matters that, if produced, could reasonably be expected to interfere with such other matters, which are non-public and/or pending.

25.     Certain records produced are partially exempt from production under FOIA Exemption 5 and 7(E) because, if produced, they would reveal general CFTC investigative strategies.

26.     Certain records produced include partial redactions of personal information that is exempt from production pursuant to FOIA Exemption 6 in order protect against an unwarranted invasion of personal privacy.

27.     Many records produced are partially exempt from production under FOIA Exemptions 6 and 7(E) because they contain individual conference line pass codes or CFTC computer drive information, and the disclosure of such information would increase the risk of unauthorized access to agency staff conference lines and internal CFTC IT systems.

28.     Some documents have partial redactions in order to comply with the *Kraft* court's settlement conference language stating that:  "Whatever happens stays here even if you settle the case. So anything I say during the settlement conference, anything the parties say during the settlement conference …is not …disclosable to anyone at any time …." March 22, 2019 Settlement Conference Transcript p. 3:1-7 (*CFTC v. Kraft* ECF No. 303).

## **Segregability**

29.     The FOIA statute requires that "[a]ny reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt under this subsection." 5 U.S.C. § 552(b).  The CFTC has reviewed each record to identify information exempt from disclosure.  Wherever possible, information not exempted from disclosure pursuant to the FOIA exemptions was segregated and produced.  Information withheld pursuant to FOIA exemptions but not itself exempted was inextricably intertwined with exempted content such that it could not be produced without exposing exempted information.

I declare under penalty of perjury, pursuant to the provisions of 28 U.S.C. § 1746, that the foregoing is true and correct.

Executed on this 19th day of October, 2020

_____
Rosemary Bajorek
Attorney-Advisor
U.S. Commodity Futures Trading Commission