IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KOBRE & KIM LLP,<br><br>              Plaintiff,<br><br> -  v.  -<br><br>COMMODITY FUTURES TRADING<br>COMMISSION,<br><br>              Defendant. | Case No. 19-cv-10151 (LAK) (OTW) |

**PLAINTIFF'S STATEMENT OF MATERIAL FACTS
<u>PURSUANT TO LOCAL RULE 56.1</u>**

Pursuant to Rule 56.1 of the Local Civil Rules of the United States District Court for the Southern District of New York, Plaintiffs state that there is no genuine issue to be tried with respect to the facts:

1.      On August 14, 2019, the District Court for the Northern District of Illinois entered a Consent Order (the "Consent Order") formalizing the settlement of an enforcement action the Commodities Futures Trading Commission (the "CFTC") brought against Kraft Foods Group, Inc. and Mondelēz Global LLC in April 2015 (collectively, "Kraft"). *See* Consent Order, *Commodity Futures Trading Comm'n v. Kraft Foods Grp., Inc.*, Case No. 15-cv-2881, Dkt. No. 310 (N.D. Ill. Aug. 14, 2019) ("*Kraft*").

2.      The CFTC and Kraft first agreed to the material terms of this settlement during a settlement conference on March 22, 2019. *See* Ex. A at 4. During this conference, the court read the material terms of the settlement into the record. *Id*.

1

3.   The settlement was then finalized by the CFTC Enforcement Staff by May 29, 2019, as evidenced by an email from Robert Howell, Chief Trial Attorney for the Division of Enforcement, dated May 29, 2019 stating that the CFTC Enforcement Staff "ha[d] a ***final*** [consent] order" between the CFTC and Kraft ready to send to CFTC Officials in Washington, D.C.  Ex. G at 2.

4.   *Kraft* was the CFTC's first litigated enforcement action applying the newly enacted Section 6(c)(1) of the CEA (enacted by Congress as part of Dodd-Frank in 2010, 7 U.S.C. § 9(1)) and CFTC Rule 180.1 implementing Section 6(c)(1) (enacted by the CFTC in 2011, 17 C.F.R. § 180.1) to allegations of market manipulation.  This action followed a "35-year history [in which the CFTC had] only successfully prosecuted and won a single case of manipulation in the futures markets."  Bart Chilton, "De Principatibus," Public Statements & Remarks (Oct. 21, 2009), https://www.cftc.gov/PressRoom/SpeechesTestimony/opachilton-28.

5.   The *Kraft* Consent Order did not include any findings of fact or law, nor any explanation as to why the $16 million penalty Kraft had to pay pursuant to the settlement was appropriate.  It restricted future statements by the CFTC to information already in the public record.  *See* Consent Order, *Kraft*, Case No. 15-cv-2881, Dkt. No. 310 (N.D. Ill. Aug. 14, 2019).

6.   On August 15, 2019, CFTC Commissioners Berkovitz and Behnam issued a joint press release concerning the *Kraft* settlement and the Consent Order.  In their press release, the Commissioners recognized the settlement's "unusual features," namely the Consent Order's lack of "factual findings or conclusions of law" and limitation of future statements "to information already in the public record."  Ex. B at 1.  In particular, their press release included the following statement: "the Commission should not accept any confidentiality provisions or restrictions on the Commission's ability to make public statements."  Ex. B at 2.

7. In a separate statement posted on August 15, 2019, the Commission stated that its decision to approve the limitation on future statements in the settlement "was based on the fact that while this provision . . . limits what *the Commission* . . . can say about the Kraft litigation, it does not restrict individual Commissioners when speaking in their personal capacities." Ex. C at 1 (emphasis in original).

8. On August 15, 2019, the CFTC Press Office released a third public statement announcing the CFTC's $16 million settlement with Kraft and stating that the "penalty is approximately three times defendants' alleged gain. The order also enjoins Kraft and Mondelēz from engaging in future violations of the manipulation, wash trade, and position limit provisions of the Commodity Exchange Act and CFTC regulations charged in the complaint." Ex. D at 1.

9. On August 16, 2019, Kraft filed a motion for contempt against the CFTC in the Northern District of Illinois, alleging that the CFTC had not intended to comply with the agreement and purposely violated the Consent Order. *See* Mot. for Contempt, *Kraft*, Case No. 15-cv-02881, Dkt. No. 316 at 1 (N.D. Ill. Aug. 16, 2019).

10. On August 19, 2019, at the evidentiary hearing on Kraft's contempt motion, the CFTC "agree[d] to voluntarily remove the disputed [press releases by Commissioners Berkovitz and Behnam, the Commission, and the CFTC Press Office (the "Press Releases")] immediately from the CFTC website until the next court date." Aug. 19 Order, *Kraft*, Case No. 15-cv-02881, Dkt. No. 319 (N.D. Ill. Aug. 19, 2019).

11. On August 20-21, 2019, CFTC employees and staff discussed the Consent Order, the Press Releases, and the decision to remove the Press Releases from the CFTC's website.

12. On August 20-21, 2019, the Consent Order was still in force and effect.

13. On August 21, 2019, shortly after the CFTC removed the Press Releases from its website, Kobre & Kim delivered its FOIA Requests to the CFTC, which sought the following records:

1) All documents and communications concerning the "binding agreement" referenced in docket entry 302 of the case captioned *U.S. C.F.T.C. v. Kraft Foods Group, Inc.*, 15-cv-2881 (N.D. Ill.) (the "Kraft Case");

2) All documents and communications concerning the "Consent Order" referenced in docket entries 309 and 310 of the *Kraft* case;

3) All documents and communications concerning the decision by the CFTC and/or any of its staff, agents, and/or commissioners to approve the Consent Order;

4) All documents and communications concerning the decision by the CFTC and/or any of its staff, agents, and/or commissioners to approve the Consent Order without findings of fact or conclusions of law;

5) All documents and communications concerning the decision by the CFTC and/or any of its staff, agents, and/or commissioners to approve the provision in the Consent Order that states: "Neither party shall make any public statement about this case other than to refer to the terms of this settlement agreement or public documents filed in this case, except any party may take any lawful position in any legal proceeding, testimony, or by court order";

6) All documents and communications concerning the preparation by the CFTC and/or any of its staff, agents, and/or commissioners of the press releases referenced in docket entry 319 of the Kraft case;

7) All documents and communications concerning the decision by the CFTC and/or any of its staff, agents, and/or commissioners to publish the press releases referenced in docket entry 319 of the Kraft case;

8) All documents and communications concerning the decision by the CFTC and/or any of its staff, agents, and/or commissioners to remove the press releases referenced in docket entry 319 of the Kraft case.

Ex. E at 1-2.

14. On September 26, 2019, following the CFTC's petition for a writ of mandamus to stop the *Kraft* contempt proceedings in the Northern District of Illinois, the Seventh Circuit stayed

the contempt proceedings.  *See* Order, *In the matter of Commodity Futures Trading Commission*, Case No. 19-2769, Dkt. No. 7 (7th Cir. Sept. 26, 2019).

15.     On October 22, 2019, the Seventh Circuit issued a decision that the CFTC cannot bar its Commissioners from sharing their regulatory reasoning and found that the Commissioners were not bound by the gag order.  *See In the matter of Commodity Futures Trading Commission*, 941 F.3d 869, 872-73 (7th Cir. 2019).

16.     On October 23, 2019, the District Court for the Northern District of Illinois vacated the *Kraft* Consent Order, emphasizing that "no secret adjudication has been, or will be, authorized."  Minute Entry, *Kraft*, Case No. 15-cv-02881, Dkt. No. 355 (N.D. Ill. Oct. 23, 2019).

17.     On October 31, 2019, after the CFTC failed to respond to the FOIA requests for over two months, Kobre & Kim filed this action.  *See* Dkt. No. 1.

18.     On December 19, 2019, via email to Assistant United States Attorney ("AUSA") Rachael Doud, Kobre & Kim attorney Leanne Bortner notified the CFTC that Kobre & Kim expected the CFTC's search for records to include "reasonable periods before and after certain dates at issue," including after August 19, 2019, the date the CFTC agreed to remove the three *Kraft* Press Releases.  Ex. F at 12.

19.     On January 14, 2020, via email to AUSA Doud, Kobre & Kim attorney Leanne Bortner informed the CFTC that "without any metrics suggesting a high rate of return, we cannot just accept that these 2 days would greatly add to the review numbers. In addition, any post-deliberative discussions in the days after the court's order to pull the press release is critical to our Request. We have been able to compromise with you on almost all issues, but we cannot do so here and we ask that you consider adding just these 2 days to the review."  Ex. F at 3.

5

20. On January 15, 2020, AUSA Doud reiterated via email that "[t]he CFTC is not prepared to expand its search further or commit to producing responsive documents more quickly." Ex. F at 2.

21. On February 13, 2020, the CFTC informed the *Kraft* court that the CFTC and Kraft "ha[d] a[] [new settlement] agreement in principle," ready for approval by the Commission. Hearing Transcript, *Kraft*, Case No. 15-cv-02881, Dkt. No. 379 at 3 (N.D. Ill. Feb. 28, 2020).

22. On February 14, 2020, the *Kraft* court granted in part Kraft's motion for contempt on the basis of the CFTC's "egregious misconduct" and stated that the court would "issue findings of fact and conclusions of law by separate order." Minute Entry, *Kraft*, Case No. 15-cv-02881, Dkt. No. 378 (N.D. Ill. Feb. 14, 2020).

23. On March 5, 2020, during a status conference with the CFTC and Kraft, the *Kraft* court acknowledged that it received and reviewed the parties' new proposed consent order. Hearing Transcript, *Kraft*, Case No. 15-cv-02881, Dkt. No. 387 at 5, 20, 24 (N.D. Ill. Mar. 16, 2020); *see also* Mot. to Withdraw, *Kraft*, Case No. 15-cv-02881, Dkt. No. 382 at 1 (N.D. Ill. Mar. 4, 2020).

24. On May 1, 2020, Kobre & Kim filed a motion to compel the CFTC to extend the dates for its search to include records from August 20-21, 2019 (the "Motion to Compel"), the two days after the CFTC removed the Press Releases from its website. *See* Dkt. No. 24. That motion remains fully briefed and pending.

25. On July 30, 2020, the CFTC purported to complete its production of documents. The CFTC produced 1,873 documents, of which 409 were entirely redacted and 834 were partly redacted.

Executed on November 18, 2020, in New York, New York.

/s/ Benjamin J.A. Sauter
Benjamin J.A. Sauter
Michael S. Kim
Jonathan D. Cogan
George Stamatopoulos

KOBRE & KIM LLP
800 Third Avenue
New York, New York 10022
Tel: +1 212 488 1200
Benjamin.Sauter@kobrekim.com
Michael.Kim@kobrekim.com
Jonathan.Cogan@kobrekim.com
George.Stamatopoulos@kobrekim.com

David H. McGill
Leanne A. Bortner

KOBRE & KIM LLP
1919 M Street, NW
Washington, DC 20036
Tel: +1 202 664 1900
David.McGill@kobrekim.com
Leanne.Bortner@kobrekim.com