# EXHIBIT A

***SEALED - CONFIDENTIAL ***

```
 1                IN THE UNITED STATES DISTRICT COURT
                     NORTHERN DISTRICT OF ILLINOIS
 2                         EASTERN DIVISION

 3  U.S. COMMODITY FUTURES TRADING  )  Docket No. 15 CV 2881
    COMMISSION,                     )
 4                                  )
                                    )
            Plaintiff,              )
 5                                  )  Chicago, Illinois
                                    )  March 22, 2019
               vs.                  )  11:00 o'clock a.m.
 6                                  )
    KRAFT FOODS GROUP, INC., and    )
 7  MONDELEZ GLOBAL, LLC,           )
                                    )
 8          Defendants.             )

 9             *** SEALED -- CONFIDENTIAL ***

10     TRANSCRIPT OF PROCEEDINGS - Settlement Conference
           BEFORE THE HONORABLE JOHN ROBERT BLAKEY
11
    APPEARANCES:
12  For the Plaintiffs:      U.S. COMMODITY FUTURES
                              TRADING COMMISSION
13                           BY:  MR. MICHAEL D. FRISCH
                                  MR. ROBERT T. HOWELL
14                           525 West Monroe Street
                             Suite 1100
15                           Chicago, Illinois   60661

16
    For the Defendants:      JENNER & BLOCK
17                           BY:  MR. J. KEVIN McCALL
                                  MR. DEAN N. PANOS
18                                MS. NICOLE A. ALLEN
                             353 North Clark Street
19                           Chicago, Illinois   60654

20                           SUTHERLAND ASBILL & BRENNAN LLP
                             BY:  MR. GREGORY S. KAUFMAN
21                           700 Sixth Street NW
                             Suite 700
22                           Washington, DC   20001

23
                      Laura LaCien, CSR, RMR, CRR
24                         Official Court Reporter
                  219 South Dearborn Street, Suite 1212
25                      Chicago, Illinois   60604
                           (312) 408-5032
```

*** SEALED - CONFIDENTIAL ***

*** SEALED - CONFIDENTIAL ***

2

1    (The following SEALED proceedings were had in court:)

2        COURTROOM DEPUTY:  15 C 2881, U.S. Commodity versus

3  Kraft.

4        THE COURT:  Good morning, counsel.  Appearances

5  please.

6        MR. FRISCH:  Michael Frisch on behalf of the CFTC.

7  Good morning, your Honor.

8        MR. PANOS:  Good morning, your Honor.  Dean Panos;

9  and with me today is also counsel of record Kevin McCall,

10  Greg Kaufman, Nicole Allen.

11        THE COURT:  Great.  Are the parties ready for a

12  settlement conference?

13        MR. PANOS:  We are, Judge.

14        MR. FRISCH:  Yes, your Honor.

15        THE COURT:  All right.  This is how I handle

16  settlement conferences:  I just basically have the parties

17  give consent to my procedures on the record, then we go off

18  the record and, you know, it's a normal mediation-type

19  format.  Each side will have an opportunity together to just

20  give a basic overview of how they see the case.  Then the

21  parties are separated and then I go back and forth between

22  the parties and see if there's any common ground on it.

23        If we settle the case, great.  If we don't, that's

24  also great.  I get paid either way so -- but whatever

25  happens -- a settlement conference is like Las Vegas.

*** SEALED - CONFIDENTIAL ***

***SEALED - CONFIDENTIAL ***

1  Whatever happens stays here even if you settle the case.  So

2  anything I say during the settlement conference, anything the

3  parties say during the settlement conference -- whether it's

4  the joint session or the separate ex parte sessions -- is not

5  admissible or even disclosable to anyone at any time in any

6  pleading or at any cocktail party so that's a condition of

7  going forward.

8        Additionally, just some expectation things, I'm not

9  going to give advisory rulings.  I don't have an interest in

10 this case other than the rule of law.  I'm happy to try the

11 case.  I'm happy to have the case settle.  It doesn't really

12 make any difference to me.  The purpose of this session is

13 not to give advisory rulings or give an idea of what I might

14 do at a dispositive motion or a trial ruling.  In fact, I

15 can't even tell you what those answers would be anyway

16 because I don't know what those answers are because those

17 things are not in front of me and I haven't had an

18 opportunity to have the benefit of the adversarial process

19 and time to consider them.  So if that's your hope in this,

20 then you're going to be sadly disappointed.

21        I'm also not going to tell you either in the joint

22 sessions or the separate sessions how good your case is

23 because that's not useful.  So if I, in a session, start

24 talking about litigative risks or something else, don't

25 interpret that I have anything against your case because I

***SEALED - CONFIDENTIAL ***

4

1   don't.   And if you were in the session with the other side,

2   you would probably feel differently because I'm going to

3   discuss with both sides areas of concern.

4          Any objection to proceeding in that fashion?

5          MR. FRISCH:  No, your Honor.

6          MR. PANOS:  No, your Honor.

7          THE COURT:  All right.  If both sides consent to the

8   settlement conference, then we'll go ahead and do that.

9          All right.  We're off the record.

10      (Discussions had off the record, after which the

11   following proceedings were had in open court at 3:50 p.m.:)

12          THE COURT:  All right.  Calling the case 15 CV 2881,

13   U.S. Commodity versus Kraft.

14          The parties have engaged in a settlement conference

15   over the last almost five hours, have reached an agreement

16   regarding the materials terms.  Please listen carefully to

17   make sure I haven't forgotten something.  Okay.  The Court is

18   going to articulate the material terms for the record and

19   then I'll ask each side to indicate whether or not these are,

20   in fact, the material terms of the settlement and if there

21   are any clarifications, revisions or other terms that I did

22   not mention, failure to clarify to the Court or add the terms

23   will waive those.

24          Item one.  The parties will prepare for the Court's

25   signature a consent judgment that will be public.

*** SEALED - CONFIDENTIAL ***

1    There will be no pre-dismissal of any counts.

2    Number two.

3         Number three.  The consent judgment will have a

4    general reference to the procedural posture of the case.  It

5    will include what the allegations are, the defendant's denial

6    of those allegations and the fact that the parties have

7    agreed to resolve those matters.  The consent judgment would

8    not have historical, and by "historical" I mean findings of

9    fact regarding what happened in the past, nor would it have

10   legal conclusions regarding what happened in the past.

11        There would be a monetary penalty in the amount of

12   $16 million payable by the defendant to the plaintiff payable

13   in full within 90 days.  There would also be an agreement of

14   prospective injunctive relief which would trace the general

15   language of the statute and regulations as alleged and the

16   parties would agree that there would be no violation of these

17   sections in the future.

18        There would be a mutual confidentiality clause that

19   would read as follows in verbatim as follows, not in -- I'm

20   not paraphrasing; I'm quoting:  Neither party shall make any

21   public statement about this case other than to refer to the

22   terms of this settlement agreement or public documents filed

23   in this case, except any party may take any lawful position

24   in legal proceedings, testimony or by court order.

25        The Court itself has final approval over the actual

*** SEALED - CONFIDENTIAL ***

1   written agreement.  So once the parties submit this public

2   consent judgment, the Court has to agree that it is a lawful

3   order that I can enter.  If I choose not to sign it, this

4   agreement is no longer binding.

5           Also, a material term is that the Commission itself

6   has to -- pursuant to its rules and regulations has to agree

7   to the settlement.  That would essentially be an up or down

8   vote.  They would not have the power to unilaterally change

9   the material terms.

10          Are there any material terms that I forgot to

11  mention or any clarification on behalf of the plaintiff?

12          MR. McCALL:  Yes, your Honor.  One clarification.

13          THE COURT:  On behalf of the plaintiff.

14          MR. HOWELL:  Robert Howell on behalf of the CFTC.

15  Those terms sound okay with the CFTC.

16          THE COURT:  They what?

17          MR. HOWELL:  They're okay to the CF -- that's -- we

18  agree.

19          THE COURT:  Okay.  There are no other material terms

20  that I failed to mention, correct?

21          MR. HOWELL:  Correct.

22          THE COURT:  There are no changes to the terms as

23  articulated, correct?

24          MR. HOWELL:  Correct.

25          THE COURT:  Okay.  On behalf of defense?

*** SEALED - CONFIDENTIAL ***

```
 1            MR. McCALL:  The one change -- with respect to --

 2            THE COURT:  You got to give your -- you got to say

 3    your name, counsel.

 4            MR. McCALL:  I'm sorry.  Kevin McCall on behalf of

 5    defendants.

 6            With respect to the issue of the injunction that

 7    says we won't violate -- it's agreeable if it says we won't

 8    violate the Commodities Exchange Act or the provisions

 9    thereof not reciting specific provisions.

10            THE COURT:  No.  Nope.  That's not the deal I

11    offered.  My offered deal, it was a general language

12    regarding using -- tracing the statutory language

13    prospectively that was alleged in the case so you're agreeing

14    that you will not violate the law.

15            MR. McCALL:  We're agreeing that we won't violate

16    the -- we're not agreeing that we're not going to violate the

17    anti-manipulation provisions.

18            MR. PANOS:  Again --

19            THE COURT:  All right.  Hang on a second, counsel,

20    Hang on a second, counsel.  You're saying you're not going to

21    agree to follow the law if I -- if I do a specific section of

22    the law?  Is there some section of the law that you think you

23    can violate in the future?

24            MR. McCALL:  No, no.

25            THE COURT:  Why don't you take a second and talk to
```

Case: 19-2769    Document: 21    Filed: 06/13/2019    Pages: 261    (778 of 419)

\*\*\*SEALED - CONFIDENTIAL\*\*\*

```
 1  co-counsel?

 2         MR. McCALL:  Sure.

 3         MR. PANOS:  That wasn't what he was saying.

 4         THE COURT:  Well, clarify it because that's what it

 5  sounded like.

 6     (Brief pause.)

 7         MR. McCALL:  No.  We're saying -- we're agreeing

 8  that we won't violate the Commodities Exchange Act in its

 9  entirety.  That's what we're saying.  We're not agreeing that

10  we're not going to violate some specific provision of the

11  Commodities Exchange Act because we don't want the

12  implication that there's -- that this settlement is some

13  acknowledgment that there's been some violation of the

14  Commodities Exchange Act.

15         THE COURT:  There is no -- based on the discussion

16  the Court had, there was no agreement that there was any

17  violations in the past.  If you're -- if you believe that

18  agreeing that specific portions of the law you're not going

19  to agree that you would not violate on a prospective basis,

20  I'm finding that hard to believe but that's your choice so

21  all dates and deadlines to stand.

22         MR. PANOS:  Your Honor --

23         THE COURT:  The settlement is not going forward.

24         MR. PANOS:  Your Honor, that's not what he said with

25  all due respect.
```

\*\*\* SEALED - CONFIDENTIAL \*\*\*

```
 1           THE COURT:  He's saying -- No.  He's saying that

 2    there are -- he doesn't want to cite specific provisions of

 3    the law that they will not -- that they will abide by

 4    specific provisions of the law in the future, right?

 5           MR. PANOS:  No.

 6           MR. McCALL:  Well --

 7           MR. PANOS:  No.  I don't -- I think we have a

 8    miscommunication.

 9           THE COURT:  Okay.  Why don't you articulate what you

10    think it is and then see if he agrees?

11           MR. PANOS:  Let me try.

12           MR. McCAll:  Let's have a minute.

13           THE COURT:  Okay.

14           MR. PANOS:  Can I try?

15           MR. McCALL:  Yeah.  Go ahead.

16           MR. PANOS:  All right.  I think what we're saying as

17    we understand it is that the agreement would say that

18    defendants agree that they will not violate any -- any of the

19    provisions in the Commodities Exchange Act, any or -- any

20    specific ones if that's what they're asking for --

21           THE COURT:  Yes.  That is what exactly what they're

22    asking for.

23           MR. PANOS:  Okay.  That wasn't -- by the way, we

24    hadn't had that -- you said the general language because

25    usually it is.
```

***SEALED - CONFIDENTIAL ***

```
 1          THE COURT:  I said it was general language in

 2   respect it would not be specific language regarding positions

 3   you would take in futures -- not specifically factual but it

 4   would trace the general language of the statute provisions

 5   that were alleged in this case.

 6          MR. PANOS:  And that we've denied those allegations.

 7          THE COURT:  There's nothing that says that you --

 8          MR. PANOS:  And I think that --

 9          THE COURT:  As a factual matter, you've denied that

10   you violated in the past.

11          MR. PANOS:  Right.

12          THE COURT:  There is no legal determination in this

13   agreement that you violated in the past.  You will agree to

14   abide by the law, including specific provisions of the code

15   going forward.  If that's not -- if that's insufficient, tell

16   me now, counsel.

17          MR. PANOS:  Give me a second, Judge.

18       (Brief pause.)

19          MR. PANOS:  We agree, Judge.

20          THE COURT:  All right.  Both parties agree.  The

21   material terms are on the record.  What's a -- can you look

22   at your calendar and look for about a date about, what do you

23   think, 30 days out to finalize the paperwork?  How long do

24   you need?

25          MR. PANOS:  30 is fine for us, your Honor.
```

*** SEALED - CONFIDENTIAL ***

Case: 19-2769      Document: \*\*\*SEALED - CONFIDENTIAL\*\*\*9      Pages: 261      (80 of 419)

1      MR. HOWELL:  Just to be clear, as you know, we have

2  to have the Commission approval so is this to get the -- I

3  mean --

4          THE COURT:  This is just to finalize the document

5  that puts in writing what we just said.

6          MR. HOWELL:  Okay.  We can do that.  The Commission

7  can take longer.

8          MR. PANOS:  I mean, yeah, we don't care about the

9  cadence in terms of which comes first.  Obviously, we only

10  wanted to do this one time if we can.

11          MR. HOWELL:  Typically -- sorry.  So the Commission

12  has to approve it before it goes to the Court and so we would

13  ask for additional time.

14          THE COURT:  How much time do you need?  I'll give

15  you any date you want.

16          MR. HOWELL:  60.

17          THE COURT:  You want 90?

18          MR. HOWELL:  60 should be fine.

19          THE COURT:  Kristina, can you grab me a 60-day date?

20  She had a 30-day date ready.

21          LAW CLERK:  May 24th.  Is that a court date, Judge?

22          THE COURT:  I need to check -- hang on a second,

23  counsel.

24      (Brief pause.)

25          THE COURT:  How about May 21st at 9:45?  Is that

\*\*\* SEALED - CONFIDENTIAL \*\*\*

***SEALED - CONFIDENTIAL***

```
 1   good?

 2           MR. HOWELL:   Yeah.   I'm wondering if it makes sense

 3   to set a period of time for us to work out the agreement and

 4   then for time.

 5           THE COURT:   You don't need adult -- I mean, you

 6   don't need parental supervision of that?   Come on now.

 7           MR. HOWELL:   We just --

 8           MR. PANOS:   I don't, Judge, but Mr. Howell --

 9           THE COURT:   Look at that, I got all aggressive and

10   everything.   No; I'm kidding.

11           MR. HOWELL:   We just need to make sure we have

12   enough time to circulate to the Commission.   So if we don't

13   reach agreement, we're going to --

14           THE COURT:   How about May 28th?

15           MR. PANOS:   That might be Memorial Day.

16           THE COURT:   I don't know if you need 90, counsel.

17      (Brief pause.)

18           MR. HOWELL:   Apparently May 28th is -- will work.

19           THE COURT:   All right.   May -- I'm setting the

20   status May 28th at 9:45.   If you all submit the paperwork and

21   give me time to review it and enter it, I'll strike the date.

22   Sound good?

23           MR. PANOS:   Thank you, your Honor.

24           MR. HOWELL:   Thank you, your Honor.

25           THE COURT:   All right.   All other dates and
```

*** SEALED - CONFIDENTIAL ***

```
 1  deadlines are stricken pending further order.
 2  Congratulations, everybody.  Have a great weekend.
 3         MR. HOWELL:  Thank you, your Honor.
 4         MR. PANOS:  Thank you, your Honor.
 5      (Which concluded the proceedings in the above-entitled
 6  matter.)
 7                  C E R T I F I C A T E
 8         I hereby certify that the foregoing is a transcript
 9  of proceedings before the Honorable John Robert Blakey on
10  March 22, 2019.
11
12  /s/Laura LaCien
                                      March 29, 2019
13  Laura LaCien                          Date
    Official Court Reporter
14
15
16
17
18
19
20
21
22
23
24
25
```