UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
: 
KOBRE & KIM LLP, :
:
:
Plaintiff, : Case No. 19 Civ. 10151 (LAK) (OTW)
-v- :
:
:
COMMODITY FUTURES TRADING :
COMMISSION, :
:
:
Defendant. :
:
------------------------------------------------------------ x

## SUPPLEMENTAL DECLARATION OF ROSEMARY BAJOREK IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

I, Rosemary Bajorek, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am over the age of 18 and competent to testify to the matters herein.

2. I manage the Freedom of Information Act ("FOIA") program within the Office of General Counsel ("OGC") at the Commodity Futures Trading Commission ("CFTC"). I have been in my current position since April 2019.

3. As an Attorney-Advisor overseeing the FOIA program, I manage the day-to-day processing of FOIA requests, review the work of two FOIA paralegals, conduct training for new employees, and generate and submit required FOIA reports to the Department of Justice.

4. My duties include managing searches for CFTC records in response to requests under the FOIA, determining whether to release or withhold records or portions of responsive records in accordance with the FOIA and the CFTC's regulations, and overseeing the implementation of the CFTC's FOIA program.

5. The statements made in this declaration are based on my personal knowledge and/or information and official records made available to me in my official capacity.

6. The statements made in this declaration are made in support of the CFTC's Motion for Summary Judgment in the above-captioned matter and in opposition to Plaintiff's Motion for Summary Judgment.

7. On October 19, 2020, CFTC moved for summary judgment in this action and, in connection with that motion, I submitted a declaration ("Declaration"). *See* Dkt. No. 35.

8. Attached to the Declaration was CFTC's *Vaughn* Index, which described the bases of the withholdings made by CFTC when responding to Plaintiff's FOIA request. *See* Dkt. No. 35-1 ("*Vaughn* Index").

9. I submit this Supplemental Declaration to supplement the *Vaughn* Index with respect to two specific documents: CFTC-0005008-005009 and CFTC-0005010. *See Vaughn* Index at 72.

10. As to CFTC-0005008-005009, this is an attachment to an email. *See id*. (identifying document as attachment to CFTC-0005006). The claimed exemption as to this document is the deliberative process privilege pursuant to Exemption 5. The justification for the withholding states, "[d]raft press release reflecting predecisional deliberative process regarding how and what to communicate to the public about tentative settlement of claims in the Kraft case. The draft was distributed for the purpose of seeking and providing legal advice as to litigation and settlement strategy and as to what to communicate to the public about settlement. The information, if produced, could reasonably be expected to interfere with the Kraft enforcement proceeding." *Id*.

11. As the parent email to this attachment indicates, comments to this draft press release were provided by attorneys on the Kraft enforcement team. This parent email (CFTC-

0005006) states, with respect to this attachment, "[a]ttached are the Kraft team's collective edits. Happy to discuss."

12.     As to this parent email, CFTC invoked the attorney-client privilege (Exemption 5), the work product privilege (Exemption 5), the deliberative process privilege (Exemption 5), and the law enforcement privilege (Exemption 7(A)).  *See Vaughn* Index at 72.

13.     These exemptions invoked with respect to the parent email should also have been invoked with respect to the draft press release itself (CFTC-0005008-0005009).  While the justification for the withholding of CFTC-0005008-00050009 in the *Vaughn* Index noted the legal nature of this communication and its relation to the Kraft enforcement proceeding, and the document is appropriately redacted, the CFTC inadvertently omitted the attorney-client privilege, work product privilege, and the law enforcement privilege from the column identifying CFTC's claimed exemptions in the *Vaughn* Index.

14.     Accordingly, CFTC submits through this Supplemental Declaration that, with respect to CFTC-0005008-0005009, the following privileges apply: the attorney-client privilege (Exemption 5), the work product privilege (Exemption 5), the deliberative process privilege (Exemption 5), and the law enforcement privilege (Exemption 7(A)).

15.     As to CFTC-0005010, this is an email chain that attaches the Kraft enforcement team's comments to the draft press release. *See Vaughn* Index at 72.  The claimed exemption as to this document is the deliberative process privilege pursuant to Exemption 5.  *Id*.  The justification for the withholding states, "[e]mail discussion reflecting predecisional deliberative process regarding what to communicate to the public about tentative settlement of claims in the Kraft case.  The email discussion contains mental impressions and opinions about settlement strategy. Such communications are also made for the purpose of seeking and providing legal

advice as to what to communicate to the public. The information, if produced, could reasonably be expected to interfere with the Kraft enforcement proceeding." *Id.*

16. A portion of this email chain is redacted. Specifically, the redacted portion of the email chain was an email sent by Robert Howell, an attorney on the Kraft enforcement team, to Gretchen Lowe and Michael Short (with other CFTC employees CCed), who are Chief Counsel in the Division of Enforcement, and Director of the Office of Public Affairs, respectively.

17. The nature of this communication is such that it is subject to the attorney-client and law enforcement privileges, in addition to the deliberative process privilege, because it reflects legal advice from a member of the Kraft enforcement team to Gretchen Lowe and Michael Short with respect to the contents of the proposed press release. While the justification for the withholding in the *Vaughn* Index noted the legal nature of this communication and its relation to the Kraft enforcement proceeding, and the document is appropriately redacted, the CFTC inadvertently omitted the attorney-client privilege and law enforcement privilege from the column identifying CFTC's claimed exemptions in the *Vaughn* Index.

18. Accordingly, CFTC submits through this Supplemental Declaration that, with respect to CFTC-0005010, the following privileges apply: the attorney-client privilege (Exemption 5), the deliberative process privilege (Exemption 5), and the law enforcement privilege (Exemption 7(A)).

I declare under penalty of perjury, pursuant to the provisions of 28 U.S.C. § 1746, that the foregoing is true and correct.

Executed on this 2nd day of December, 2020

                                            Rosemary Bajorek
                                            Attorney-Advisor
                                            U.S. Commodity Futures Trading Commission