# EXHIBIT C

| | |
|---|---|
| **Message** | |
| **From**: | Short, Michael [/O=CFTC/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=09F1D30F0676457784F184D196BA97C8-SHORT, MICHAEL] |
| **Sent**: | 8/19/2019 7:52:33 PM |
| **To**: | Klima, Jaime [/o=CFTC/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=7a6650cf77cd45c5a9893a9c455d6f03-Klima, Jamie]; Grimm, Daniel [/o=CFTC/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=Grimm, Danielffe]; Thornton, Charlie [/o=CFTC/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=2f7cd1b27f3e4fde80a5088eadd3b931-Thornton III, Norwo]; Pizzola, Chelsea [/o=CFTC/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=76d8d9bc812d43e18f01c23c299c7117-Pizzola, Chelsea]; Davis, Daniel J [/o=CFTC/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=77dff82dcb344436bd3e30fc3d740dde-Davis, Daniel J]; Einstman, John [/O=CFTC/OU=Washington, DC/cn=Recipients/cn=jeinstman]; McDonald, James [/o=CFTC/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=9d89e804eca744bc82026c05480a124f-McDonald, James] |
| **Subject**: | Kraft Covg |

**CFTC Takes Down Disputed Press Releases as Chicago Judge Mulls Sanctions**
*A $16 million federal settlement with Kraft Foods Group Inc. and Mondelēz Global LLC contained a gag provision, and now a judge will probe whether enforcers went too far in their press statements.*
The National Law Journal
Mike Scarcella
August 19, 2019
https://www.law.com/nationallawjournal/2019/08/19/cftc-takes-down-disputed-press-releases-as-chicago-judge-mulls-sanctions/?utm_source=dlvr.it&utm_medium=twitter&slreturn=20190719182436

The chairman of the U.S. Commodity Futures Trading Commission and two commissioners must appear in court next month in Chicago as a judge weighs whether to sanction the agency for media statements that two major food producers contend went outside the scope of what enforcers were allowed to say.

Lawyers for the two companies, Kraft Foods Group Inc. and Mondelēz Global LLC, quickly went to court last week after the CFTC announced the $16 million settlement resolving alleged price manipulation in the wheat market. The attorneys, including a team from Jenner & Block and Eversheds Sutherland, argued that statements from Chairman Heath Tarbert and Commissioners Dan Berkovitz and Rostin Behnam violated a settlement provision that limited what the agency could publicly say about the deal.

The CFTC voluntarily has taken down its press release from the agency's website, and the agency removed two related statements: one from the agency itself, addressing the gag order that was a part of the settlement; and the other a statement from Berkovitz and Behnam criticizing the speech limitations and urging the agency to never again agree to such restrictions.

Lawyers for the companies are seeking a contempt sanction against the CFTC or unspecified monetary penalties. U.S. District Judge John Robert Blakey in Chicago plans to hold an evidentiary hearing on Sept. 12. The agency, which policies commodities markets, has denied wrongdoing and argued in defense of its press statements in the enforcement action against Kraft and Mondelēz. The companies did not admit or deny violating commodities laws.

The dispute marks a rare clash between major companies and a federal agency over public statements made to the news media. Federal agencies don't often temporarily or permanently remove news releases. Court papers show the removal will be in effect at least until the hearing next month in Chicago federal district court.

Tarbert, a Republican, and Democrats Berkovitz and Behnam might be called on to provide testimony at the September hearing. The CFTC asserted its Fifth Amendment right against self-incrimination on Monday and provisional assertions of the Fifth Amendment by Behnam and Berkovitz were made for the record. Much of the litigation is expected to be conducted under seal in the coming weeks.

"The CFTC and its commissioners engaged in a deliberate, orchestrated effort to violate the court's consent order within minutes of its entry," Jenner litigation partner Dean Panos said in a court filing last week seeking sanctions against the agency.

The settlement announced last week contained a provision that barred both sides from making "any public statement about this case other than to refer to the terms of this settlement agreement or public documents filed in this case."

Tarbert, the CFTC chairman and a former Allen & Overy partner, said in a news release that market manipulation "inflicts real pain on farmers by denying them the fair value of their hard work and crops." He added: "It also hurts American families by raising the costs of putting food on the table. Instances of market manipulation are precisely the kinds of cases the CFTC was founded to pursue."

Responding to those remarks, Panos of Jenner said in a court filing: "The CFTC never alleged that Kraft deprived farmers of the fair value of their hard work and crops, nor that Kraft raised the cost of putting food on the table."

The CFTC, in a court filing over the weekend, called Tarbert's remark "a general observation about market manipulation, in a broader statement about the CFTC's enforcement program and priorities."

"The language defendants complain about largely either summarizes information contained in public record documents in this case or asserts the commission's general commitment to vigorously enforcing the Commodity Exchange Act in the public interest," Martin White, an assistant general counsel at the CFTC, said in a court filing.

Lawyers for Kraft and Mondelēz also took issue with the separate statement made by Behnam and Berkovitz, a former Wilmer Cutler Pickering Hale and Dorr partner in Washington. The companies' lawyers said the commissioners, like the agency itself, were a "party" to the speech restriction included in the settlement.

"There will be no reason for future parties to agree to settlements if the commissioners—the only parties with the power to bind the CFTC to an agreement in the first place—may simply disregard the agreement without consequence," Panos said in a court filing.

Berkovitz and Behnam said in their statement, noting the rarity of the gag provision, that the agency "should not accept any confidentiality provisions or restrictions on the commission's ability to make public statements."

"In this case, it is not only Kraft's $16 million payment that is doing the talking. The commission is speaking loudly and clearly as well: those who manipulate or attempt to manipulate our commodity markets will be prosecuted and punished," Berkovitz and Behnam said in their statement.

CFTC lawyers said the statement from Berkovitz and Behnam "was largely devoted to general legal and policy considerations regarding the settlement of government enforcement cases."

Attorneys for Kraft and Mondelēz contend the companies "have already incurred significant reputational damage because of the CFTC's premeditated media strategy in violation of the consent order."

The CFTC disputed that any statements from the agency and commissioners hurt the companies any more than "the bare fact of having been sued for manipulation and other violations of the Commodity Exchange Act and having settled for a substantial penalty."

**Mondelez Complaints on CFTC Comments to Be Addressed in HearingBloomberg**
Matt Robinson and Ben Bain
August 19, 2019
[no link]

Kobre-Kim-CFTC-0000010

(Bloomberg) -- Three Commodity Futures Trading Commission members were ordered to court next month for a hearing called to determine whether public statements about a recent enforcement case against Mondelez International Inc. violated the agency's agreement with the company.

Mondelez agreed last week to pay $16 million to settle CFTC claims that the company manipulated wheat prices in 2011, whenit was a unit of Kraft Foods Inc. In a statement that has since been removed from the CFTC's website, Democratic Commissioners Rostin Behnam and Dan Berkovitz stated that they believed Kraft had manipulated markets. A Mondelez spokesman said that the CFTC's statement blatantly violated the agreement and that the company would seek court relief.

U.S. District Judge John Robert Blakey gave notice Monday that he will hold a hearing in Chicago on Sept. 12 to determine whether CFTC officials should be held in contempt. He ordered Behnam, Berkovitz, CFTC Chairman Heath Tarbert and enforcement chief Jamie McDonald to appear. The agency agreed to remove the press release from its website until the next court date.

Michael Short, a CFTC spokesman, declined to comment on the matter. A representative for Berkovitz declined to comment. Behnam's office didn't immediately respond to a request for comment.

**Kraft Foods: Feds breached $16M deal by 'touting' victory in wheat price manipulation action**
Cook County Record
Dan Churney
August 19, 2019
https://cookcountyrecord.com/stories/513126053-kraft-foods-feds-breached-16m-deal-by-touting-victory-in-wheat-price-manipulation-action

CHICAGO -- Kraft Foods alleges federal trade regulators quickly spoiled a settlement agreement in which Kraft agreed to pay $16 million to end a suit alleging it had manipulated wheat prices, by braying to the public about their purported triumph over Kraft in the case.

Kraft wants the U.S. Commodity Futures Trading Commission, as well as commissioners Dan Berkovitz and Rostin Behnam held in contempt and to pay sanctions.

The commission filed suit against Kraft, along with food packager Mondelez Global, in 2015 in U.S. District Court for the Northern District of Illinois. Kraft is based in suburban Northfield, and Mondelez, which is a corporate spinoff of Kraft, is based in Deerfield.

The suit alleged Kraft violated the U.S. Commodity Exchange Act in 2011 by using deception to buy $90 million in wheat futures contracts to cut the price it would pay for wheat, saving about $5.4 million on cash wheat and expecting to make money on wheat futures. Wheat prices were spiking at the time.
Kraft alleges it had promising motions on the table, when it agreed to a confidential settlement in March 2019. A consent order pursuant to the settlement was signed Aug. 14.

Under the order's terms, Kraft did not admit wrongdoing but agreed to pay a $16 million penalty and to refrain from engaging in the alleged improper conduct. The order also stated "neither party shall make any public statement about this case other than to refer to the terms of this settlement agreement or public documents filed in this case."

Kraft alleged the commission trampled this part of the order as soon as the ink was dry, by posting the next day a statement about the case on the commission's website that was titled, "Penalty Valued at Three Times the Alleged Gain."

The statement quoted commission chairman Heath Tarbert saying the defendants inflicted "real pain on farmers by denying them the fair value of their hard work and crops," and "hurt American families by raising the costs of putting food on the table."

Kraft pointed out the commission never alleged in the suit that Kraft harmed farmers or caused a rise in food costs.

The commission also released statements by commissioners Berkovitz and Behnam. The two commissioners stated the "$16 million penalty and injunctive relief that the commission has obtained in this consent order is as much as the commission could reasonably expect to obtain if it were to prevail at trial," according to the suit.

Berkovitz and Behnam further allegedly said Kraft's agreement to pay a penalty means the court necessarily found the commission had established sufficient facts to prove its case.

Kraft argued the commission "never intended to comply with the bargain they struck" and engaged in an "orchestrated strategy" to "tout a supposed victory" by "implying that the court found evidence that defendants had manipulated the market and that defendants admitted as much. The court made no such finding and defendants made no such admission."

Kraft further asserted that because it obeyed the consent order, but the commission allegedly did not, much of the news coverage has reflected the commission's "self-aggrandizing version" of the case.

Kraft is defended by Jenner & Block, and Lynch Thompson LLP, both of Chicago, and Sutherland Asbill & Brennan, with offices in New York, Atlanta and Washington, D.C.

The commission is represented by commission lawyers from the agency's offices in Chicago and Washington, D.C.

Tarbert, Berkvotiz and Benham were all appointed to the CFTC by President Donald Trump.


**CFTC Fights Kraft's Sanctions Bid Over $16M Wheat Suit Deal**
Law360
Dan Seal
August 19, 2019
https://www.law360.com/articles/1189970/cftc-fights-kraft-s-sanctions-bid-over-16m-wheat-suit-deal

Law360 (August 19, 2019, 2:19 PM EDT) -- Any problem Kraft Group Foods Inc. has with the U.S. Commodity Futures Trading Commission's announcement of a $16 million settlement of a wheat price manipulation suit should be taken up with the company's own lawyers, the agency told an Illinois federal court over the weekend.

Kraft and its former subsidiary Mondelez Global LLC sought sanctions against the regulator last Friday, claiming the agency's Aug. 15 announcement of the $16 million deal went beyond the agreed-upon limits of what the CFTC was permitted to publicly say about the case.

While Kraft and Mondelez claimed the CFTC tried to make itself look better by implying that the court had found evidence of the companies' guilt, the agency responded on Saturday that its own statements and the statements of its individual commissioners were completely acceptable under both the Commodity Exchange Act and the consent order underlying the settlement.

"Defendants were represented by able counsel throughout these proceedings, and the terms of the order were fairly negotiated," the CFTC said. "Defendants might have pushed for more concessions, but having failed to do so, they may not return to court to cry foul for a supposed violation of what they incorrectly believed to be implicit in the agreed text of the order."

The agency announced Thursday that Kraft and Mondelez had agreed to pay $16 million to end claims from 2015 that they improperly traded wheat futures and manipulated the good's market price. The amount is about three times what the CFTC alleged Kraft and Mondelez made while violating the CEA through their improper trading of wheat futures, according to that announcement.

Kobre-Kim-CFTC-0000012

In the CFTC's announcement, Chairman Heath P. Tarbert said, "America is the breadbasket of the world; wheat markets are its heart. Market manipulation inflicts real pain on farmers by denying them the fair value of their hard work and crops."

But Kraft and Mondelez said statements like those created the false impression that the settlement was favorable to the CFTC and implied "that the court found evidence that defendants had manipulated the market and that defendants admitted as much" in their sanctions bid Friday.

"All three of the documents the CFTC published to its website are replete with self-aggrandizing, and often false, statements that violate Paragraph 8's prohibition on public statements, other than those that refer to the terms of the settlement or publicly filed documents," they said.

In its response Saturday, the CFTC argued that Kraft and Mondelez are complaining about language that either summarizes case information that is on the public record or asserts the agency's own commitment to effectively regulating the commodities markets. The companies' sanction bid "misleadingly characterizes or embellishes this content" to wrongly assert that some violation has occurred, the agency argued.

The request for sanctions also took aim at statements made by two CFTC commissioners, Rostin Behnam and Dan M. Berkovitz, that were released about the case as part of the settlement announcement. But the regulator said Saturday that the CEA prohibits it from interfering with the commissioners issuing their own "dissenting, concurring or separate opinion" when a CFTC order is published.

"Defendants even complain that the CFTC's lawyers never explained that provision to them, but that was the job of the defendants' own lawyers — experienced counsel, presumptively familiar with that [CEA]," the regulator said.

The CFTC declined to comment further. Counsel for the two companies did not immediately respond to a request for comment Monday.

The CFTC is represented by Martin B. White.

Kraft and Mondelez are represented by Dean Nicholas Panos, J. Kevin McCall, Nicole Amie Allen and Thomas Edward Quinn of Jenner & Block LLP and Gregory S. Kaufman of Eversheds Sutherland.

The case is Commodity Futures Trading Commission v. Kraft Foods Group Inc. et al., case number 1:15-cv-02881, in the U.S. District Court for the Northern District of Illinois.


**Michael C. Short**
Director of Public Affairs and Chief Communications Officer
U.S. Commodity Futures Trading Commission
D: 202-418-6053
C: 202-557-8977

Kobre-Kim-CFTC-0000013