

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street, 3rd Floor*
*New York, New York 10007*

November 30, 2021

<u>BY ECF</u>

The Honorable Ona T. Wang
United States Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

      Re:    *Kobre & Kim LLP v. Commodity Futures Trading Commission*
              No. 19-cv-10151 (LAK) (OTW)

Dear Judge Wang:

      This Office represents the Commodity Futures Trading Commission ("CFTC" or "Defendant") in connection with the above-referenced action brought pursuant to the Freedom of Information Act. I write to respectfully advise the Court of a decision issued on November 29, 2021, by the Second Circuit Court of Appeals, which is attached hereto. *See NRDC v. EPA*, No. 20-422 (2d Cir. Nov. 29, 2021).

      *NRDC* addressed one of the issues raised in the parties' pending summary judgment motions. Specifically, whether an agency's deliberations with respect to how to communicate with the public are subject to the deliberative process privilege. In their briefs, the parties set forth contrasting views of the law—with Defendant arguing that such deliberations are privileged, and Plaintiff arguing that they are not. *See* Dkt. No. 38 at 17-21 and Dkt. No. 41 at 6-9.

      In *NRDC*, the court stated:

> This case presents two questions regarding the scope of the deliberative process privilege. First, whether agency records reflecting deliberations about how to communicate the agency's policies to people outside the agency "bear on the formulation or exercise of policy-oriented judgment" such that those records qualify for the protection of the deliberative process privilege. *Grand Cent. P'ship, Inc. v. Cuomo*, 166 F.3d 473, 482 (2d Cir. 1999). Second, whether an agency record must relate to a discrete decision facing the agency in order to merit protection under the deliberative process privilege. Our answers are yes and no, respectively. An agency exercises "policy-oriented judgment" when deciding how to communicate its policies, and the deliberative process privilege therefore protects

>otherwise deliberative agency records that relate to and precede the agency's final communications decision. Additionally, an agency may invoke the deliberative process privilege by connecting a record either to a specific decision or to a specific decisionmaking process.

*NRDC* at 3. The court went on to hold that:

> Given these considerations, "an agency's decision regarding how to present its substantive policies to the public often involves the evaluation of alternative public relations policies, policies which by their very nature are audience-sensitive and must anticipate public reaction." *Seife v. Dep't of State*, 298 F. Supp. 3d 592, 616 (S.D.N.Y. 2018). Indeed, "the decision of how, and to what extent, to convey that policy to the public may require input by many working components within the agency, or even an analysis of the underlying policy itself." *Id*. Thus, an agency's communications decisions necessarily implicate the agency's policies and must be informed by those policies. Those decisions involve "the formulation or exercise of policy-oriented judgment." *Grand Cent. P'ship*, 166 F.3d at 482; *see Petrol. Info.,* 976 F.2d at 1435 (explaining that an agency formulates or exercises "policy-oriented judgment" through its "*policy-informed-or-informing* judgmental process" and its "mode of formulating or exercising *policy-implicating* judgment") (emphasis added). Because communications decisions involve "the formulation or exercise of policy-oriented judgment," deliberations about—and preceding— those decisions are protected by the deliberative process privilege. *Grand Cent. P'ship*, 166 F.3d at 482.

*Id*. at 13.

As set forth in Defendant's motion papers, the same result should be reached here. I thank the Court for its consideration.

Respectfully,

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By:   /s/ *Alexander J. Hogan*
ALEXANDER J. HOGAN
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Tel.: (212) 637-2799
E-mail: alexander.hogan@usdoj.gov
