# KOBRE & KIM

800 THIRD AVENUE
NEW YORK, NEW YORK 10022
WWW.KOBREKIM.COM
TEL +1 212 488 1200

December 7, 2021

**VIA ECF**

The Honorable Ona T. Wang
United States Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

  Re: *Kobre & Kim LLP v. Commodity Futures Trading Commission*
     No. 19-cv-10151(LAK) (OTW)

Dear Judge Wang:

  Plaintiff Kobre & Kim LLP initiated the above-referenced action under the Freedom of Information Act to compel Defendant Commodity Futures Trading Commission (the "CFTC") to, among other things, produce certain purported "Public Relations Documents."  *See* Dkt. No. 38 at 17.  We write to respond to the CFTC's letter dated November 30, 2021, asserting that the Second Circuit's holding in *NRDC v. EPA*, No. 20-422 (2d Cir. Nov. 29, 2021) ("*NRDC*") supports its pending motion for summary judgment with respect to the Public Relations Documents and asking this Court to reach "the same result."  *See* Dkt. 49 at 2.

  The *NRDC* case underscores the inapplicability of the deliberative process exemption in this case and the serious deficiencies in the CFTC's *Vaughn* index.  In short, the *NRDC* case supports granting the Plaintiffs' pending motion and denying the CFTC's, not vice versa.

  In *NRDC*, the Second Circuit held that the deliberative process exemption "protects *otherwise* deliberative agency records that relate to and precede [an] agency's final communication decision."  *NRDC*, No. 20-422 at *3 (emphasis added).  It thus reiterated the well-established rule that agency records qualify for the deliberative process exemption ***only if*** they (i) "bear on the formulation or exercise of policy-oriented judgment" ***and*** (ii) are "predecisional" with respect to agency decision-making.  *See id.* at *9-10.

  Applying this rule, the Second Circuit held that the Environmental Protection Agency's *Vaughn* index failed to "provide sufficient details from which [the court could] ascertain the records' deliberative character" or to establish a clear connection between the records and a

**AMERICAS** (NEW YORK, BUENOS AIRES, CHICAGO, DELAWARE, MIAMI, SAN FRANCISCO, SÃO PAULO, WASHINGTON DC)
**ASIA-PACIFIC** (HONG KONG, SEOUL, SHANGHAI), **EMEA** (DUBAI, LONDON, TEL AVIV), **OFFSHORE** (BVI, CAYMAN ISLANDS)

KOBRE & KIM REFERS TO KOBRE & KIM LLP, A NEW YORK LIMITED LIABILITY PARTNERSHIP.

Honorable Ona T. Wang
December 7, 2021
Page 2

"specific decision *or a specific decisionmaking process*" as would be required for the exemption to apply, with respect to eleven of the twenty-two records at issue in *NRDC*. *Id.* at *22-24, *25, 27-29. Thus, *NRDC* did not hold that messaging documents are categorically exempt as deliberative, as the CFTC appears to suggest, but rather that the deliberative process exemption applies only to records for which an agency has established a clear nexus to its policy decisions *and* the records' pre-decisional nature as to those decisions.

      Plaintiffs' pending motion demonstrates in detail that the CFTC has failed to identify any purported policy decisions to which its records might arguably relate, let alone establish (i) a clear nexus between its records and any deliberations bearing upon any such policy decisions or (ii) that the documents are pre-decisional with respect to any such (as yet unidentified) decisions. *See, e.g.,* Dkt. 38 at 8, 15-21, 25; Dkt. 44 at 4-7, 10. This is the same type of deficiency that the Second Circuit criticized in *NRDC*. The CFTC's *Vaughn* index is replete with the same four, boilerplate, conclusory explanations as to all of its withheld or redacted documents (*see* Dkt. 38 at 8, 25; Dkt. 44 at 10), which thus fail to establish that any of its records are exempt under the standard applied in *NRDC*. Accordingly, *NRDC* compels granting Plaintiffs' motion and denying the CFTC's motion.

Respectfully,

/s/

George Stamatopoulos