

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street, 3rd Floor*
*New York, New York 10007*

April 27, 2022

BY ECF

The Honorable Ona T. Wang
United States Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

     Re:    *Kobre & Kim LLP v. Commodity Futures Trading Commission*
              No. 19-cv-10151 (LAK) (OTW)

Dear Judge Wang:

     This Office represents the Commodity Futures Trading Commission ("CFTC" or "Defendant") in connection with the above-referenced action brought pursuant to the Freedom of Information Act. I write in response to Plaintiff's letter of April 21, 2022. *See* Dkt. No. 52 ("Letter").

     In Plaintiff's summary judgment motion, it argued that Defendant should be foreclosed from relying on the deliberative process privilege based upon the "government misconduct exception." *See* Dkt. No. 38 at 23 ("Plaintiff's Motion"). At the time of Plaintiff's Motion, the CFTC had been held in contempt by a court in the Northern District of Illinois. *See id.* While that court had reached such a contempt finding, it had not yet issued a full opinion on the issue at the time of Plaintiff's Motion. On April 15, 2022, the court issued a fuller decision with respect to this contempt finding, which Plaintiff provided to the Court in its Letter. *See* Dkt. No. 52-1. In this Letter, Plaintiff argued that this contempt decision further supports its argument with respect to the government misconduct exception.

     Defendant writes to reiterate its argument that the government misconduct exception does not apply in the FOIA context. *See* Dkt. No. 41 at 11-12 ("Defendant's Motion"). Moreover, for all of the reasons stated in Defendant's Motion, even if the exception did apply, the conduct at issue in the civil contempt proceeding does not rise to the level of warranting the exception. This is especially true in a scenario where the government did not attempt to conceal its conduct. The contempt proceedings related to whether Defendant violated a "gag" provision in a settlement agreement. *Id.* at 13. In the very press release that allegedly violated the gag provision, Defendant noted the existence of this gag provision. Moreover, Defendant has already made known why it did not believe its actions violated the gag provision—as it believed that the settlement agreement

only bound the CFTC itself, and not the individual Commissioners of the CFTC who were speaking in their individual capacities. *Id*. at 13-14. This candor about the rationale for the alleged wrongdoing undermines the need to overcome the deliberative process privilege through the government misconduct exception.[1]

Defendant thanks the Court for its consideration of this matter.

Respectfully,

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By:   /s/ *Alexander J. Hogan*
ALEXANDER J. HOGAN
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Tel.: (212) 637-2799
E-mail: alexander.hogan@usdoj.gov

---

[1] To the extent the Court disagrees, then the relief requested by Plaintiff is nonetheless too broad. Any waiver of the deliberative process privilege as a result of the government misconduct exception should be limited to records specifically relating to the gag provision, rather than the settlement agreement as a whole.